**KOMATSU AMERICA CORP., Plaintiff,**

v.

**PORTSIDE CARGO SECURING COMPANY, Consolidated Rail Corporation and New York Dock Railway, Defendants.**

No. 80 Civ. 2087 (MEL).

United States District Court,
S. D. New York.

May 28, 1981.

McHugh, Leonard & O'Conor, New York City, for plaintiff; Douglas A. Franklin, New York City, of counsel.

Michael J. Siris, New York City, for defendant Conrail.

LASKER, District Judge.

Komatsu America Corp. sues for damage to cargo resulting from a train derailment. It alleges that Consolidated Rail Corporation ("Conrail") received shipment of the cargo at Port Elizabeth, New Jersey and delivered it to Woodhaven, Michigan in damaged condition.

Komatsu moves to strike two of Conrail's defenses and to reverse an order of Magistrate Gershon directing it to answer interrogatories related to one of those defenses.

Counsel for the parties agreed during oral argument on the motion that since the outcome of the motion depends on what is determined as to the existence and basis of subject matter jurisdiction here, the motion may be regarded as the functional equivalent of a motion to dismiss by Conrail for lack of jurisdiction.

Komatsu originally asserted three alternative bases of subject matter jurisdiction: (1) federal question jurisdiction arising out of the claim against Conrail under the "Carmack Amendment," 49 U.S.C. § 11707, (2) diversity of citizenship jurisdiction and (3) pendent party jurisdiction. At oral argument, counsel for Conrail withdrew the allegation of diversity jurisdiction.

## 1. The Carmack Amendment

Conrail argues that there is no federal question jurisdiction because it was a "connecting carrier" and as such may not be sued under the Carmack Amendment, 49 U.S.C. § 11707. That statute provides in relevant part:

"A common carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier and any other common carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading . . . . A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination."

49 U.S.C. § 11707(a)(1).

The statute authorizes suit against either the carrier issuing the bill of lading or the delivering carrier. Since Conrail did not issue the bills of lading,[1] it may be sued

---

1. It should be noted that there is some question whether Conrail's role in the shipment of the cargo was as an "initial" carrier or as a "connecting" carrier. Although Komatsu concedes that Conrail did not issue the bills of lading, Komatsu argues that Conrail was the "first rail carrier to have custody of the shipment." Memorandum of Law In Support of Plaintiff's Rule 12 Motion to Strike Affirmative Defenses, and Support of Plaintiff's Appeal from Magistrate's Order, p.6. However, whether Conrail may have been an "initial" carrier due to those

under this section only if it was the delivering carrier. However, the statute defines a delivering carrier as the carrier who transports the cargo "nearest the destination," and Komatsu does not contend that Conrail was the final carrier in this respect.

Komatsu does contend that "connecting" carriers are subject to suit under the Carmack Amendment. However, we find no support for this contention in the language of the statute, and the courts which have addressed the question, have concluded to the contrary. In *Arnold J. Rodin, Inc. v. Atchison, Topeka and Santa Fe Railway Company*, 477 F.2d 682 (5th Cir. 1973), the court upheld a verdict for the defendant railway against a shipper's claim for damage to a cargo of potatoes. Rejecting the plaintiff's contention that the final destination of the cargo was Chicago rather than Texas, the court stated,

> "Under the Carmack Amendment the holder of the bill of lading is given a cause of action only against the receiving or delivering carrier. The purpose of the Carmack Amendment was to make the initial and delivering carriers responsible so that the lawful holder of a bill of lading does not have to search out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods. The initial or delivering carrier could then recover damages from the connecting carrier on whose line the loss or damage to the property was sustained."

*Id.* at 688. *Accord Season-All Industries, Inc. v. Merchant Shippers*, 417 F.Supp. 998, 1003 (W.D.Pa.1976).[2]

■ We agree with these cases and accordingly, find that the claims against Conrail may not be brought under the Carmack Amendment and there is no federal question jurisdiction over those claims.

### 2. Pendent Party Jurisdiction

Komatsu argues that even if there is no federal question jurisdiction, pendent jurisdiction exists over the claims against Conrail because of the federal question jurisdiction over its claims against the initial carrier, New York Dock Railway Company.

■ However, even assuming there is power to hear the claims against Conrail, despite the Supreme Court's opinion in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), and the doubt about the continued validity of pendent party jurisdiction engendered by that case, *see Morrissey v. Curran*, 567 F.2d 546, 549 n. 11 (2d Cir. 1977); *Grimes v. Chrysler Motors Corporation*, 565 F.2d 841, 844 (2d Cir. 1977), we decline to exercise our discretion to accept pendent jurisdiction over the claims against Conrail. As the Supreme Court stated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), (footnote omitted)

> "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . ."

This case is presently in its preliminary stage. As the Supreme Court noted in *United Mine Workers v. Gibbs*, "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* (footnote omitted). Accordingly, it would not be contrary to the interests of judicial economy to decline pendent jurisdiction at this time. Moreover, to accept pendent jurisdiction

---

facts, or was a "connecting" carrier, the Carmack Amendment does not apply to it for reasons stated below.

2. The cases upon which plaintiff relies do not hold to the contrary. They hold only that the Carmack Amendment does not preclude common law suits against connecting carriers, *Georgia, Florida & Alabama Railway Company*

*v. Blish Milling Company*, 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916), or that a proviso in the statute reserving certain causes of action preserved only federal and not state causes of action, *Adams Express Company v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913). Neither case was brought in a federal district court, nor tested the proposition at issue here.

would allow Komatsu to join an additional party over which it asserts a purely state law claim merely because Komatsu is also suing a party under federal law. *See Aldinger, supra*, 427 U.S. at 14, 96 S.Ct. at 2420.

\* \* \* \* \* \*

In sum, federal question jurisdiction does not exist, and we decline to exercise pendent party jurisdiction over the claims against Conrail. Accordingly, the complaint against Conrail should be dismissed. The motion to strike the defenses and to reverse Magistrate Gershon's order is denied as moot.

Submit order and judgment on notice.