BEAUTIFAX, INC.

v.

PUERTO RICO MARINE MANAGEMENT, INC.; Commerce of Minnesota; Phillips Brothers Warehousing and Distributing Corporation; and Baltimore & Ohio Railway Company.

Civ. No. HM83–4157.

United States District Court,
D. Maryland.

May 29, 1985.

538

Francis P. Crotty, Darling, Jobes & Heyd, Jersey City, N.J., Michael E. Marr, Robert B. Scarlett, Marr & Bennett, Baltimore, Md., for plaintiff.

Geoffrey S. Tobias, Ober, Kaler, Grimes & Shriver, Baltimore, Md., for Puerto Rico Marine Management, Inc.

Harry P. Strong, Bertie, Bettenburg & Strong, St. Paul, Minn., for Commerce of Minnesota.

Frank X. Gallagher, Michael P. May, Baltimore, Md., for Phillips Brothers Warehousing Corp.

C. Keith Meiser, H. Russell Smouse, George F. Pappas, and Melnicove, Kaufman, Weiner & Smouse, Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

HERBERT F. MURRAY, District Judge.

Plaintiff Beautifax, Inc. brings the instant action against defendants Puerto Rico Marine Management, Inc. [hereinafter PRMMI]; Commerce of Minnesota; Phillips Brothers Warehousing & Distributing Corporation [hereinafter Phillips Brothers]; and the Baltimore & Ohio Railway Company [hereinafter B & O] pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707 (Supp. IV 1981), formerly 49 U.S.C. § 20(11). The eight-count Complaint charges the aforementioned defendants with breach of contract and negligence in the care and handling of plaintiff's product. Initially, plaintiff filed a two-count Complaint against defendant PRMMI in the Superior Court of New Jersey. Subsequently, plaintiff filed an Amended Complaint alleging the same causes of action but adding Commerce of Minnesota, Phillips Brothers and B & O as named defendants. Defendants thereafter removed the action to this court pursuant

to 28 U.S.C. § 1441(c). Presently before the court are plaintiff Beautifax's Motion for Partial Summary Judgment as to Liability; defendant Phillips Brothers' Motion for Summary Judgment; and defendant B & O's Motion for Summary Judgment. The court heard arguments on the pending motions on Friday, April 12, 1985 and has considered the papers submitted and is now prepared to rule.

I. Plaintiff Beautifax's Motion for Partial Summary Judgment as to Liability

Plaintiff Beautifax has filed a Motion for Partial Summary Judgment as to Liability pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of the motion, plaintiff asserts that the doctrine of *res ipsa loquitur* permits the court to find the defendants liable for the damage to plaintiff's product because the damage to the product occurred while the product was in defendants' possession and control. (Plaintiff's Motion for Partial Summary Judgment as to Liability [hereinafter Mo. for Partial S/J], p. 4; Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment [hereinafter Memo in Support of Mo. for Partial S/J], pp. 1–5). Moreover, plaintiff contends that defendants are liable pursuant to the Uniform Commercial Code provisions governing Uniform Bills of Lading because of defendants' failure to exercise reasonable care in handling plaintiff's product. (Mo. for Partial S/J, p. 4; Memo in Support of Mo. for Partial S/J, pp. 5–8). Plaintiff thus asks the court to enter partial summary judgment as to liability in favor of the plaintiff and declare defendants liable for the direct and proximate cost of the damage to plaintiff's products.

Defendants Phillips Brothers, B & O and PRMMI have filed opposition to plaintiff's Motion for Partial Summary Judgment. Defendant Commerce of Minnesota has filed a "Memorandum on Behalf of the Defendant, Commerce of Minnesota" which the court has determined to treat as an opposition to plaintiff's Motion for Partial Summary Judgment.

In opposition to plaintiff's Mo. for Partial S/J, defendant Phillips Brothers argues that partial summary judgment as to liability in favor of plaintiff is inappropriate because the damage to plaintiff's product occurred after the product left the possession, custody and control of defendant Phillips Brothers. (Defendant Phillips Brothers Opposition to Plaintiff's Mo. for S/J, p. 2). Defendant Phillips Brothers also argues that the doctrine of *res ipsa loquitur* is inapplicable in the instant case because the requisite of exclusivity of control, a necessity for invocation of the doctrine, does not exist. (*Id.* at pp. 6–10). Defendant contends that the appropriate theory, instead, is bailment for hire which is not addressed by plaintiff. (*Id.* at pp. 4–6). Finally, defendant Phillips Brothers argues that § 7–309 of the Uniform Commercial Code does not render defendant liable because defendant's delivery of plaintiff's product was reasonable and in compliance with the directives as set forth on the applicable Bill of Lading. (*Id.* at pp. 10–12). Defendant Phillips Brothers therefore requests the court to deny plaintiff's Motion for Partial S/J.

Defendant B & O similarly opposes plaintiff's Mo. for Partial S/J. In support of its Motion for S/J and in opposition to plaintiff's Mo. for Partial S/J, defendant B & O asserts that as a connecting carrier in the shipment of plaintiff's goods under a through Bill of Lading, it cannot be liable under the Carmack Amendment of the Interstate Commerce Act for damage to plaintiff's goods in the course of an interstate shipment. (Defendant B & O's Mo. for S/J and Response to Plaintiff's Mo. for Partial S/J, pp. 4–6). Alternatively, defendant B & O argues that even if the court finds that the Carmack Amendment preserves the common-law remedies available to a shipper against an intermediary carrier, B & O is not liable for damages to plaintiff's product because B & O released the goods to Phillips Brothers in compliance with plaintiff's directives to defendant Commerce of Minnesota as incorporated in

the Bill of Lading. (*Id.* at pp. 7–8). Defendant B & O therefore requests the court to deny plaintiff's Mo. for Partial S/J and grant its Mo. for S/J as a matter of law.

In similar opposition to plaintiff's Mo. for Partial S/J, defendant Commerce of Minnesota argues that as a Shipper's Agent within the meaning of § 402(c)(2), Part IV, of the Interstate Commerce Act, its activities are exempt from the Act. Defendant contends that it acts as an agent of the shipper and is responsible only for making the necessary arrangements with railroad companies; specifically, preparing bills of lading and other shipping documents, making arrangements with a local cartage carrier where the shipment originates to drop the trailer off at the shipper's dock for loading, and transporting the trailer to the railroad yard upon completion of the loading. (Memorandum on Behalf of the Defendant, Commerce of Minnesota, pp. 1–2). Defendant contends that it complied with the plaintiff's instructions in the execution of its duties and therefore is not liable for the damage to plaintiff's goods as alleged in the complaint. (*Id.* at pp. 2–3).

Like defendants Phillips Brothers, B & O and Commerce of Minnesota, defendant PRMMI also opposes plaintiff's Mo. for Partial S/J. Defendant PRMMI contends that summary judgment in favor of the plaintiff is inappropriate because of the existence of disputed facts in the case at bar; namely, whether Puerto Rico Marine Management, Inc. or Puerto Rico Maritime Shipping Authority is the proper party in this action; whether plaintiff filed this action in a timely fashion; whether the carrier is protected from liability by its published tariff; and whether the instructions received by PRMMI were clear. (Defendant PRMMI's Memorandum in Opposition to Plaintiff's Mo. for Partial S/J, pp. 2–4). Defendant PRMMI thus requests the court to deny plaintiff's Mo. for Partial S/J.

Summary judgment is appropriate only if the pleadings "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c). The facts of the instant case are virtually uncontroverted. Plaintiff Beautifax, Inc., a Minnesota corporation, shipped a trailer load of shampoo and similar products from Minnesota to Puerto Rico. On or about March 25, 1980, a Motor Truck Carrier picked up the beauty care products from plaintiff's warehouse in Fridley, Minnesota and loaded them onto trailer number S00Z 502100, a trailer owned by SOO Line Railroad. The trailer was delivered to defendant B & O's terminal in Chicago where it was placed on a B & O freight car for piggy-back shipment to B & O's Baltimore terminal. On March 31, 1980, defendant Phillips Brothers picked up the trailer from B & O's terminal in Baltimore and transported it to PRMMI's shipping terminal also in Baltimore for the ocean shipment of the beauty care products to San Juan, Puerto Rico. Defendant Commerce of Minnesota prepared a bill of lading covering the land portion of the interstate shipment of plaintiff's products from Fridley, Minnesota to Baltimore, Maryland which provided, in pertinent part, "HEATER SERVICE REQUIRED FROM MINNEAPOLIS TO BALTIMORE, SET TEMP AT 50 DEGREES, SHUT UNIT OFF AT BALTIMORE, PROTECT FROM EXTREME HEAT OR COLD." PRMSA, as principal for defendant PRMMI, prepared a bill of lading covering the sea-going portion of the through shipment from Baltimore, Maryland to San Juan, Puerto Rico. (*See* exhibits 2, 3 attached to plaintiff's Motion for Partial Summary Judgment).

"At the time of delivery [of the trailer by Phillips Brothers to PRMMI] the trailer's seal was intact and the unit's temperature control machinery was set to maintain a temperature of 50° fahrenheit. PRMMI personnel, operating the terminal for the Puerto Rico Maritime Shipping Authority, broke the seal, opened the trailer, and noted that the temperature within the trailer was 50° and that the cargo itself was apparently 52°. The container was resealed with seal No. 371587969". *See* plaintiff's Motion for Partial Summary Judgment, p. 3, adopting PRMMI's answer to plaintiff's interrogatory No. 10; *See also* exhibit 1,

attached to plaintiff's Motion for Partial Summary Judgment.

After resealing the container, PRMMI personnel loaded the trailer aboard the SS Fortaleza for the ocean shipment of plaintiff's goods to San Juan, Puerto Rico. The shipment was delivered to plaintiff's consignee, Clairol Caribe, Inc., on April 8, 1980. "At the time of delivery, PRMMI's agents inspected the trailer and the product and discovered the temperature control unit on the trailer had been turned off; the trailer recorded a temperature of 100 degrees fahrenheit." (Plainitff's Motion for Partial Summary Judgment, pp. 3–4; *see also* exhibit 4, attached to plaintiff's Motion for Partial Summary Judgment). Plaintiff's product was damaged such that part of it had to be destroyed. Having discussed the relevant facts, the court will now examine the law bearing on the issue at bar.

The law on the liability of a carrier is well established. In order to establish a *prima facie* case of liability against a common carrier under the Carmack Amendment, 49 U.S.C. § 11707, for damage to goods during shipment, the shipper, the plaintiff herein, must show delivery of the goods to the carrier in good condition, arrival of the goods in a damaged condition at the final destination, and the amount of damage. *Morrell & Co. v. Frozen Food Express, Inc.*, 700 F.2d 256 (5th Cir.1983); *S.C. Johnson & Son, Inc. v. Louisville & Nashville R. Co.*, 695 F.2d 253 (7th Cir. 1983); *Gordon H. Mooney, Ltd. v. Farrell Lines, Inc.*, 616 F.2d 619 (2d Cir.), *cert. denied*, 449 U.S. 875, 101 S.Ct. 217, 66 L.Ed.2d 96 (1980). Once the shipper makes out a *prima facie* case of liability, the burden of proof then shifts to the carrier to show both that it was free from negligence and that the damage to the transported goods was caused by an act of God, an act of a public enemy, an act of the shipper, an act of a public authority, or the inherent nature or vice of the goods. *Missouri Pacific R.R. v. Elmore & Stahl*, 377 U.S. 134, 137–38, 84 S.Ct. 1142, 1144–45, 12 L.Ed.2d 194 (1964); *Joseph Schlitz Brewing Co. v.*

*Transcon Lines*, 571 F.Supp. 52, 57 (E.D. Wis.1983); *see also Johnson & Johnson v. Chief Freight Lines Co.*, 679 F.2d 421 (5th Cir.1982). The court will now assess plaintiff's Motion for Partial Summary Judgment as to each defendant in light of these principles.

### A. Defendant B & O Railway Company

Plaintiff Beautifax brings the instant action against defendant B & O under the Carmack Amendment and the common law. B & O, in response to plaintiff's motion for partial summary judgment and in support of its motion for summary judgment, argues that plaintiff has no cause of action against it under either the Carmack Amendment or the common law because the Carmack Amendment applies only to an initial carrier or a delivering carrier and because plaintiff has failed to prove defendant's negligence to support its common law cause of action. Thus, the question before the court is whether plaintiff has a maintainable action against defendant B & O under either the Carmack Amendment or the common law.

The Carmack Amendment provides in pertinent part:

A common carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier and any other common carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading ... Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the

line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

49 U.S.C. § 11707(a)(1).

The Amendment was enacted to "relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods," *Reider v. Thompson*, 339 U.S. 113, 119, 70 S.Ct. 499, 502, 94 L.Ed. 698 (1950), and allows a shipper to maintain a cause of action against the initial carrier (the carrier issuing the bill of lading) or the delivering carrier (the carrier delivering the goods to the final destination) for damage to goods in the course of an interstate shipment on a through bill of lading. *See generally S.C. Johnson & Son v. Louisville & Nashville Railroad Co.*, 695 F.2d 253, 256–57 (7th Cir.1982); *AAACON Auto Transport, Inc. v. State Farm Mutual Automobile Insurance Co.*, 537 F.2d 648, 653–54 (2d Cir. 1976); *United States v. Mississippi Valley Barge Line Co.*, 285 F.2d 381, 389 (8th Cir.1960); *Komatsu America Corp. v. Portside Cargo Securing Company*, 514 F.Supp. 619, 620–21 (S.D.N.Y.1981); *Season-All Industries, Inc. v. Merchant Shippers*, 417 F.Supp. 998, 1001 (W.D.Pa.1976); *Matter of: Southeastern Freight Lines*, 63 Op.Comp.Gen. 242, 245 (1984). The initial or delivering carrier may in turn seek to recover from the connecting carrier over whose line or route the loss or injury occurred the amount required to be paid to the owners of the property. 49 U.S.C. § 11707(b).

█ In the case at bar, defendant Commerce of Minnesota, a freight forwarder, issued a bill of lading to plaintiff and, therefore, is an initial carrier and a proper defendant in the instant action. Defendant Phillips Brothers was the delivery carrier under the through bill of lading issued by Commerce of Minnesota and is also a proper defendant in this action. Defendant B & O, however, was an intermediate connecting carrier and thus is not amenable to suit under the Carmack Amendment.

█ Having found that plaintiff cannot maintain a cause of action against defendant B & O as an intermediate carrier under the Carmack Amendment, the court will now examine whether plaintiff can maintain a common law action against B & O. The court recognizes that federal courts have reached inconsistent results as to whether the Carmack Amendment preempts or preserves common law actions by a shipper against a carrier for damage to interstate shipments. *Compare Air Products & Chemicals, Inc. v. Illinois Central Gulf Railroad Co.*, 721 F.2d 483 (5th Cir.1983) (Carmack Amendment preempts common law action); *Fulton v. Chicago, Rock Island and Pacific Railroad Company*, 481 F.2d 326, 331–32 (8th Cir.1973) (same); *Wirth v. Silvretta*, 575 F.Supp. 1274, 1276–77 (N.D.Ill.1984) (same) *with Reed v. AAACON Auto Transport, Inc.*, 637 F.2d 1302, 1304–05 (10th Cir.1981) (common law action not preempted by Carmack Amendment); *AAACON Auto Transport, Inc. v. State Farm Mutual Automobile Insurance Co.*, 537 F.2d 648, 654–55 (2d Cir.1976) (same); *Season-All Industries, Inc. v. Merchant Shippers*, 417 F.Supp. 998, 1003 (W.D.Pa.1976), *modified* 451 F.Supp. 727 (1978) (same). The court believes that it need not address this issue because even if the Carmack Amendment does not preempt common law actions by shippers against carriers, plaintiff has not produced evidence of negligence or breach of contract on the part of B & O to support its common law claims. In fact, the evidence indicates the contrary.

█ At common law, a common carrier is liable only for damage occurring during its portion of the total transportation. *United States v. Mississippi Valley Barge Line Co.*, 285 F.2d 381, 388 (8th Cir.1960). Here, the evidence indicates that B & O complied with the directive of the bill of lading issued by Commerce of Minnesota and released the goods to Phillips Brothers in good order. *See* Memorandum of Law in Support of Defendant B & O Railway's Motion for Summary Judgment and Response to Plaintiff's Motion for Partial

Summary Judgment, pp. 2, 8; Affidavit of George W. Betz in Support of Motion of Phillips Brothers' for Summary Judgment and In Opposition to Plaintiff's Motion for Partial Summary Judgment. Absent evidence that B & O damaged the goods during its portion of the transportation and released the goods in a damaged condition, plaintiff's common law action is not maintainable. Having found that plaintiff does not have a cause of action against defendant B & O under either the Carmack Amendment or the common law, the court will deny plaintiff's Motion for Partial Summary Judgment and grant B & O's Motion for Summary Judgment.

### B. Defendant Phillips Brothers

An initial inquiry before the court is whether the transportation of the goods from Fridley, Minnesota to Baltimore, Maryland for ultimate reshipment to Puerto Rico should be characterized as one trip or two distinct trips. The resolution of this issue affects the status of defendant Phillips Brothers under the Carmack Amendment. If there was only one trip, then Phillips Brothers was an intermediate carrier and not a proper defendant under the Carmack Amendment. If, however, there were two distinct trips, a second one beginning after Phillips Brothers released the goods to PRMMI, then Phillips Brothers was a delivering carrier and a proper defendant under the Carmack Amendment.

 Whether the transportation of the goods in the instant action should be characterized as one trip or two trips is a question of fact. *See S.C. Johnson & Son v. Louisville & Nashville Railroad Co.,* 695 F.2d 253, 257 (7th Cir.1982) (*citing Season-All Industries, Inc. v. Merchant Shippers,* 451 F.Supp. 727, 731 (W.D.Pa.1978); *United States v. Mississippi Barge Line Co.,* 285 F.2d 381, 393 (8th Cir.1960) ). The court has examined the facts and believes that the transportation of the goods in the case at bar involves two trips. Significantly, the bill of lading issued by defendant Commerce of Minnesota to plaintiff Beautifax covered the land portion of the inter-

state shipment and designated Baltimore, Maryland as the destination. *See* Exhibit 1, attached to Memorandum in Support of B & O's Motion for Summary Judgment. A second bill of lading was issued by defendant PRMMI, as agents for PRMSA, to plaintiff covering the ocean portion of the transportation; this bill of lading designated San Juan, Puerto Rico as the Port of Discharge. *See* Exhibit 2, attached to Memorandum in Support of Defendant B & O's Motion for Summary Judgment. The court believes that more than one trip existed because there was not an arrangement between carriers "giving to one or the other, or both, such an interest in or control over the entire undertaking as to constitute the continuous transportation in some sense of common enterprise." *See United States v. Mississippi Valley Barge Line Co., supra,* 285 F.2d at 391. The trip ended when Phillips Brothers delivered the goods to PRMMI, and Phillips Brothers was under no further obligation. Moreover, charges for freight transportation were assessed individually by each issuer of the bills of lading and the parties evidenced no concert of action. The court thus believes that the transportation of the goods in the instant case involved two separate trips covered by two bills of lading and that Phillips Brothers, therefore, is a delivering carrier under the bill of lading issued by Commerce of Minnesota and a proper defendant under the Carmack Amendment.

 Even though Phillips Brothers is a proper defendant under the Carmack Amendment, plaintiff has not made a *prima facie* showing of liability under the Carmack Amendment in order to maintain its action. In order to sustain a suit against a delivering carrier under the Carmack Amendment, plaintiff must prove delivery in good condition to the initial carrier and delivery in damaged condition by the delivering carrier. *Season-All Industries, Inc. v. Merchant Shippers,* 451 F.Supp. 727, 735 (1978). Plaintiff has not made such a showing in this case. In fact, plaintiff admits that defendant Phillips Brothers delivered the goods to PRMMI in good

condition at the Baltimore marshalling yard of PRMSA as directed by the bill of lading issued by Commerce of Minnesota. Plaintiff admits that "[a]t the time of delivery [by Phillips Brothers], the trailer's seal was intact and the unit's temperature control machinery was set to maintain a temperature of 50 (degrees) fahrenheit. PRMMI personnel, operating the terminal for the Puerto Rico Maritime Shipping Authority, broke the seal, opened the trailer and noted that the temperature within the trailer was 50 (degrees) and that the cargo itself was apparently 52 (degrees)." Plaintiff's Motion for Partial Summary Judgment As to Liability, p. 3. As the court noted earlier, the bill of lading issued by Commerce of Minnesota provided: "HEATER SERVICE REQUIRED FROM MINNEAPOLIS TO BALTIMORE, SET TEMP AT 50 DEGREES, SHUT UNIT OFF AT BALTIMORE, PROTECT FROM EXTREME HEAT OR COLD." Viewing plaintiff's admission in light of the directive of the bill of lading, the court cannot find that Phillips Brothers delivered the goods in a damaged condition and, thus, is compelled to find that plaintiff has not sustained its burden of proof under the Carmack Amendment.

Whether plaintiff has a common law cause of action against Phillips Brothers is yet another issue. As noted *supra,* the court will not address whether the Carmack Amendment preempts or preserves common law action by shippers against carriers because, again, the court finds that plaintiff has not sufficiently alleged acts of negligence to support its common law action. Common law liability is limited to damage that occurred during the carrier's portion of the transportation. *See United States v. Mississippi Valley Barge Line, supra,* 285 F.2d at 388. Plaintiff has admitted that Phillips Brothers was not negligent and, in fact, delivered the goods to PRMMI undamaged. *See* Plaintiff's Motion for Partial Summary Judgment, p. 3. Plaintiff, thus, does not allege any grounds upon which common law liability may be based. The court thus finds that plaintiff has failed to prove adequately its causes of action under the Carmack Amendment and the common law and, accordingly, will deny plaintiff's Motion for Partial Summary Judgment and grant Phillips Brothers Motion for Summary Judgment.

### C. Defendant Puerto Rico Marine Management, Inc.

As to defendant PRMMI, the court believes that various factual disputes relevant to the issue of liability preclude the court from granting plaintiff's Motion for Partial Summary Judgment as a matter of law. Specifically, the parties dispute whether the plaintiff sued the proper party, whether the plaintiff filed suit in a timely fashion, whether the carrier is protected by its published tariff, and whether the instructions received by PRMMI were clear. The court believes that these disputable factual issues must be resolved by a trier-of-fact and, therefore, will deny plaintiff's Motion for Partial Summary Judgment.

### D. Defendant Commerce of Minnesota

Preliminarily, the court finds that defendant Commerce of Minnesota is a freight forwarder and an initial carrier under the Carmack Amendment. As a freight forwarder, defendant arranged for the shipment of the goods by various common carriers from Fridley, Minnesota to Baltimore, Maryland. *See* 49 U.S.C. § 10102(9). As an initial carrier, defendant issued the bill of lading covering the land portion of the transportation of the goods from Minnesota to Baltimore. Defendant is therefore a proper defendant under the Carmack Amendment which permits suits against an initial or delivering carrier for damages to goods in an interstate shipment.

Defendant argues that it is not a proper party to this action because it acted only as a shipper's agent in making arrangements for the transportation of the shipper's goods and not as a carrier. The court finds this argument unconvincing. Even if defendant acted only as an agent of the shipper, it may still be an initial carrier

under the Carmack Amendment. *See Season-All Industries v. Merchant Shippers, supra*, 417 F.Supp. at 1003–04 *(citing Chicago, Milwaukee, St. Paul & Pacific Railroad Co. v. Acme Fast Freight*, 336 U.S. 465, 69 S.Ct. 692, 93 L.Ed. 817 (1949))*. Defendant's liability under the Carmack Amendment, however, is limited to any damage occurring between Fridley, Minnesota and Baltimore, Maryland. The uncontroverted evidence indicates that no damage to the goods occurred during this land portion of the transportation. Significantly, the evidence indicates that the goods were delivered to B & O in good order and delivered by B & O to Phillips Brothers in good condition. Phillips Brothers thereafter delivered the goods to PRMMI in good order. *See* Plaintiff's Motion for Partial Summary Judgment, p. 3; Memorandum of Law In Support of Defendant B & O's Motion for Summary Judgment, pp. 2–3; Affidavit of George W. Betz In Support of Motion of Phillips Brothers for Summary Judgment, p. 2. The bill of lading issued by Commerce of Minnesota provided for shipment to Baltimore, Maryland. Once Phillips Brothers delivered the goods to PRMMI's shipping terminal in Baltimore, Maryland in good order, the trip was at an end and Commerce of Minnesota's liability under the Carmack Amendment for any damage was also at an end. Plaintiff, thus, has not made out a *prima facie* case of liability under the Carmack Amendment as to defendant Commerce of Minnesota.

1. The court believes that the doctrine of *res ipsa loquitur* is inapplicable to the instant action because plaintiff has not proven, and the evidence does not indicate, that the liability of the multiple defendants herein was joint or that "they were in joint or exclusive control of the injury producing factor." *See Joffre v. Canada Dry Ginger Ale, Inc.*, 222 Md. 1, 158 A.2d 631 (1960). In fact, the evidence indicates that the alleged injury producing factor, the exposure to excessive heat, did not occur until after Phillips Brothers released the goods from its control. Absent evidence of joint liability or joint or exclusive control of the instrumentality causing the injury, the court finds the doctrine of *res ipsa loquitur* inapplicable.

The court also believes that plaintiff has not made out a *prima facie* of liability under the common law as to defendant Commerce of Minnesota. Plaintiff has not produced evidence that any damage occurred during any portion of the transportation for which defendant Commerce of Minnesota may be responsible. The evidence indicates that the goods were undamaged during defendant's portion of the transportation. Plaintiff thus has failed to sustain its burden of proof regarding defendant's liability under both the common law and the Carmack Amendment. Plaintiff's Motion for Partial Summary Judgment as to Liability therefore will be denied.

The court acknowledges receipt of defendant's letter dated January 9, 1985 indicating that defendant has ceased doing business and has no funds available to defend this action. The court, however, will continue to recognize defendant Commerce of Minnesota as a party to this action until appropriate motions are filed.

For the foregoing reasons, the court has determined to deny plaintiff's Motion for Partial Summary Judgment as to all defendants. The court believes that the aforestated reasons prohibit it from granting plaintiff's motion and indicate the inappropriateness of plaintiff's reliance on the doctrine of *res ipsa loquitur* and § 7–309 of the U.C.C., a detailed discussion of which the court finds unnecessary.[1] Accordingly, plaintiff's Motion for Partial Summary Judgment is hereby denied.

The court also finds that invocation of § 7–309 of the Uniform Commercial Code is not sufficient in the instant case to justify granting plaintiff's Motion for Partial Summary Judgment. In fact, with regard to defendants' Commerce of Minnesota, B & O, and Phillips Brothers, the evidence adduced indicated that they exercised reasonable care in the handling and care of plaintiff's products. With regard to defendant PRMMI, whether its actions were reasonable is indeterminate in light of the disputable issue as to whether the instructions received by PRMMI were clear.

## II. Defendant B & O's and Defendant Phillips Brothers' Motions for Summary Judgment

For the aforegoing reasons, the court finds that defendant B & O's and defendant Phillips Brothers' Motions for Summary Judgment should be granted. Without repeating the foregoing discussion, the court believes that summary judgment is appropriate because plaintiff has failed to sustain a cause of action against defendants B & O and Phillips Brothers under either the Carmack Amendment or the common law. (*See* discussion *supra,* pp. 542–545). The instant action against defendants B & O and Phillips Brothers, therefore, is without a sufficient basis and should be dismissed as a matter of law.

ORDERED:

(1) that plaintiff's Motion for Partial Summary Judgment as to Liability be, and the same hereby is, *Denied*;

(2) that defendant B & O's Motion for Summary Judgment be, and the same hereby is, *Granted*;

(3) that defendant Phillips Brothers' Motion for Summary Judgment be, and the same hereby is, *Granted*; and

(4) that the Clerk of the Court mail copies of this memorandum and order to the parties.