**JOHNSON & JOHNSON,**
Plaintiff-Appellee,

v.

**CHIEF FREIGHT LINES CO., Joy Cartage Co. and Graves Truck Lines, Inc.,**
Defendants-Appellants.

**No. 81–2332.**

United States Court of Appeals,
Fifth Circuit.

June 28, 1982.

R. Douglas Coffin, Dallas, Tex., for Chief Freight Lines Co.

Phinney, Hallman & Coke, Jack L. Coke, Jr., Dallas, Tex., for Graves Truck Lines, Inc.

Henderson, Bryant, Wolfe, Vogelsang & Graber, John B. Kyle, Sherman, Tex., for plaintiff-appellee.

Before RUBIN, REAVLEY and TATE, Circuit Judges.

REAVLEY, Circuit Judge:

This appeal is from a final judgment entered in favor of a shipper, Johnson & Johnson, in an action brought under the Carmack Amendment, 49 U.S.C. § 11707 (formerly codified at 49 U.S.C. § 20(11)), against three motor carriers—Chief Freight Lines Company, Joy Cartage Company, and Graves Truck Lines—to recover damages for the loss in transit of 990 cases from a shipment of baby shampoo, baby lotion, and baby powder.  We affirm.

In a suit to recover damages for loss of goods in transit under the Carmack Amendment, the shipper establishes a prima facie case by proving three elements: (1) delivery of the cargo to the originating carrier, (2) receipt by the consignee of less goods at the destination, and (3) damages. Miller, *Shipper Load and Count Shipments*,

1973 Transp.Law Inst. 251, 285; *see Missouri Pacific Railroad v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964). The carrier is then liable for the loss of the goods it transported unless it can show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes— such as an act of the shipper—relieving the carrier of liability.[1] *Missouri Pacific Railroad*, 377 U.S. at 137–38, 84 S.Ct. at 1144–45.

So much is common ground. With no dispute as to damages or nonreceipt by the consignee, the carriers concede, as they must, that they are liable to Johnson & Johnson for the loss of the products if, as the district court found, "Johnson & Johnson delivered two thousand two hundred (2,200) cases of baby shampoo, four hundred (400) cases of baby lotion and sixty-five (65) cases of baby powder to" the originating carrier. We hold that the proof of delivery presented at trial by Johnson & Johnson—a copy of the bill of lading—immunizes this finding of the district court from attack.

At trial, Johnson & Johnson established delivery of the cartons to the originating carrier by the introduction of a copy of the bill of lading signed by the carrier's agent listing the number of cartons in the shipment.[2]

The issuance of a bill of lading acknowledges receipt of the goods as described in the bill and further states that the goods were in apparent good order unless otherwise noted. This may be characterized as an admission by the carrier that on the surface from ordinary inspection the goods were received in good order. That admission is sufficient to establish a prima facie case against the carrier that the goods were in fact delivered in a good condition.

Robertson, *The Prima Facie Loss and Damage Case*, 1973 Transp.Law Inst. 73, 81 (footnote omitted).

■ We reject the carriers' argument that the shipment of baby products was a "shipper's load and count," *see generally* R. Sigmon, Miller's Law of Freight Loss and Damage Claims 99–117 (4th ed. 1974), and, therefore, that Johnson & Johnson was required to prove the number of cartons delivered for shipment by evidence other than the bill of lading.

In a claim for loss or damage to goods, the claimant has the initial burden of proving delivery of a greater quantity of goods to the carrier than received . . . . *If no shipper load and count or similar notations appear on the face of the bill of lading*, that bill should establish the presumption that the damage or loss was not occasioned by "an act of the owner or shipper," and the carrier should have the affirmative burden of establishing that the loss or damage was, in fact, so caused. On the other hand, if the bill of lading contains shipper load and count or similar notations, it should create the presumption that the carrier has expressly disavowed any agreement as to the kind and quality of the goods received and the loading thereof, and the claimant should

1. "[A] carrier . . . is liable for damage to goods transported by it unless it can show that the damage was caused by '(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.' " *Missouri P. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964).

2. This is not a case involving a dispute whether the cartons in fact contained the Johnson & Johnson baby products as indicated on the bill of lading.

When the goods are packaged, however, there is no presumption that the contents are in good order as the bill of lading usually contains the provision "contents and condition of contents of packages unknown." The bill of lading reciting receipt of packaged goods is prima facie evidence of receipt of the packages only, and does not establish the quantity or condition of the contents. In these circumstances, the bill of lading does not constitute an admission by the carrier that the shipment is in good condition at time of delivery.

Robertson, *The Prima Facie Loss and Damage Case*, 1973 Transp.Law Inst. 73, 81 (footnotes omitted); *see* 49 U.S.C. § 101. At issue is only whether the cartons of baby products were delivered to the originating carrier.

be required to prove, by other evidence, the quantity and condition of the goods and that they were properly loaded.

Miller, *supra*, at 285 (emphasis added); *see Dublin Co. v. Ryder Truck Lines, Inc.*, 417 F.2d 777, 778 (5th Cir. 1969); R. Sigmon, *supra*, at 113. We have examined the copy of the bill of lading introduced by Johnson & Johnson at trial and find no indication that the shipment of baby products was a "shipper's load and count."

The judgment of the district court is AFFIRMED.