Doyle, P.J.
This is an action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §11707, for damage to goods shipped.in interstate commerce.
The plaintiff, Springfield Industries (“Springfield”), contracted on July 26, 1982 for the transportation by defendant’s truck of six banded coils of high tensile steel strand from the plaintiffs New Jersey warehouse to the *175 consignee’s place of business in Woburn, Massachusetts. The defendant, Broes Trucking Company, Inc. (“Broes”), is an interstate carrier. Springfield bonded, strapped and generally prepared the coils for shipment at its warehouse. On July 27,1982, Springfield loaded the cargo onto the defendant-carrier’s open-bed truck. The defendant’s driver then secured the coils to the flatbed. The goods were open to visible inspection; and the driver signed a bill of lading acknowledging that the coils were received by the defendant-carrier “in apparent good order.”
Broes transported the cargo to Massachusetts without reported incident. The defendant’s truck was offloaded by the consignee’s employees. The consignee’s yard superintendent signed a receipt for the delivery which stated: “Received the above property in good condition — 7/28/82.” Both the defendant’s driver and one of the consignee’s yard laborers observed, however, that the bands on four of the six coils were loose at the time of delivery. The consignee thereafter notified the plaintiff that these four coils had lost their cylindrical shape, and that the consignee refused acceptance of these goods. The damaged coils were eventually sold for salvage at a loss to the plaintiff of $8,678.02.
Judgment was entered for the plaintiff-shipper in the sum of $8,678.02.
The defendant-carrier is before this Division on a charge of error in the trial court’s disposition of the following requests for rulings of law.
7. The defendant made out a prima facie case of delivery of the coils in good condition by way of the clean bill of lading No. 42853.
ALLOWED, BUT SEE FINDINGS.
9. The evidence requires a finding that defendant was not negligent in its handling and transporting of the plaintiffs goods.
DENIED.
10. The evidence requires a finding that the defendant did not breach its contract of carriage with the plaintiff.
DENIED.
11. The evidence requires a finding that the plaintiff was negligent in the manner in which it packed, banded and crated the steel coils for shipment.
DENIED.
12. The evidence requires a finding that the plaintiff was negligent in the manner in which it prepared the coils for shipment.
DENIED.
14. The evidence requires a finding that any damage done to the coils of steel wire was done after delivery to the consignee and by third parties for whom the defendant was not responsible.
DENIED. SEE FINDINGS.
15. The evidence requires a finding that the defendant did not breach its duty as an interstate common carrier of cargo for hire.
DENIED.
16. The evidence requires an entry of judgment for the defendant and dismissal of the complaint against it.
DENIED.
1. Defendant’s requests for rulings numbers 9, 10, 15 and 16 sought a determination by the trial court that the defendant was entitled to judgment in its favor as a matter of law. As the trial court’s finding for the plaintiff is amply supported by the reported evidence, the denial of each of the defendant’s requests for a required finding in its favor was proper. See Heil v. McCann, 360 Mass. 507, 511 (1971) and cases cited.
*176 The essential elements of a shipper’s claim for damages under the Carmack Amendment, 42 U.S.C. § 11707[1] has been the subject of numerous federal court decisions. To establish a prima facie case against a common carrier for damage to goods transported in interstate commerce, a shipper must prove:
(1) delivery of the goods to the carrier in good condition, (2) arrival of the goods in a damaged condition at the final destination and (3) the amount of damage.
S. C. Johnson & Co. v. Louisville & Nashville RR. Co., 695 F.2d 253,256 (7th cir. 1982), citing Missouri Pacific R.R. v. Elmore & Stahl, 377 U.S. 134, 138, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194, 198 (1964). The existence and the amount of damage is not at issue in this case. The first evidentiary prerequisite to recovery, delivery of the cargo to the carrier in good condition, was satisfied by the plaintiffs introduction into evidence of the clean bill of lading signed by the defendant.
The issuance of a bill of lading acknowledges receipt of the goods as described in the bill and further states that the goods were in apparent good order... .This maybe characterized as an admission by the carrier that on the surface from ordinary inspection the goods were received in good order. That admission is sufficient to establish a prima facie case against the carrier that the goods were in fact delivered in a good condition [emphasis supplied].
Johnson & Johnson v. Chief Freight Lines Co., 679 F.2d 421, 422 (5th cir. 1982). See also, Cummins Sales & Serv. Inc. v. London & Overseas Ins. Co., 476 F.2d 498 (5th cir. 1973).
As to the remaining element of the plaintiffs case, there was ample reported evidence to warrant the trial court’s subsidiary finding that the goods arrived at the consignee’s place of business in a damaged condition. Testimony from the consignee’s yard laborer and answers to interrogatories submitted by the defendant’s own driver indicated that the bands on the steel coils were loose upon delivery by the defendant to the consignee.[2] This evidence was properly considered and weighed by the trial court in rebuttal of the statement contained in the consignee’s receipt that the coils arrived in good condition. See Miles v. Edward O. Tabor, M.D., Inc., 387 Mass. 783, 786 (1982); Cook v. Farm Serv. Stores, Inc., 301 Mass. 564,566 (1938). Contrary to the defendant’s assertions, the limited probative value of the consignee’s receipt, in the face of conflicting evidence, is in no way dispositive of the question of the cargo’s condition upon delivery in an action between the shipper and the carrier. Section 11707 of Title 49 imposes the duty of investigation and explanation of shipment damage on the carrier “upon the sound premise that the carrier has peculiarly within its knowledge all of the facts and circumstances upon which it may rely to relieve it of its d u ty.” Missouri Pacific R.R. v. Elmore & Stahl, 377 U.S. at 143-144, 12 L.Ed.2d at 201. Statements made by a consignee as to facts *177 and circumstances peculiarly within the knowledge of the consignee respecting damage in transit or after delivery are not necessarily binding upon a shipper or conclusive of the issue at bar. The resolution of conflicting evidence remains within the province of the trial justice. Young v. Young, 333 Mass. 767 (1955).
2. It is clear that the plaintiff-shipper introduced sufficient evidence to establish a “burden-shifting, prima facie case” for recovery herein. Cummins Sales & Serv. Inc. v. London Overseas Ins. Co., 476 F.2d at 500. Pursuant to section 11707, a carrier,
though not an absolute insurer, is [then] liable for damage to goods transported by it unless it can show that the damage was caused by (a) an act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.
Missouri Pacific R.R. v. Elmore & Stahl, 377 U.S. at 138, 12 L.Ed.2d at 198. Stated alternatively, “when the shipper shows that goods were damaged, the carrier [then] has the burden of proving both that the damage was attributable to an excepted cause and that the carrier was free from negligence.” Masonite Corp. v. Norfolk & Western Rwy. Co., 601 F.2d 724, 728 (4th cir. 1979). See also, Martin Imports v. Courier-Newsome Express, Inc., 580 F.2d 240, 242 (7th cir. 1978).
The defendant endeavored in requests 11 and 12 to obtain a ruling that, asa matter of law, the cargo damage was attributable to an excepted cause; namely, the negligence of the plaintiff-carrier in preparing its shipment. A request that the party with the burden of proof is entitled to recover as a matter of law can rarely be granted when the issue is the intrinsically factual one of negligence. See Hoffman v. Chelsea, 315 Mass. 54, 56-57 (1943). There was no error in the denial of requests 11 and 12 in this case because the defendant advanced little more than mere allegation or speculation to prove negligence by the plaintiff-shipper. With respect to cargo preparation and loading, the trial court found that “the preparation of the wire coils for shipment, including bonding and strapping was done by the plaintiff...” and “that the coils were not enclosed so that they might be visually inspected.” The defendant introduced no evidence which would even suggest, much less prove, latent or concealed defects in the loading or shipment preparation procedures carried out by the plaintiff, or in the cargo itself. Compare, e.g., Blue Bird Food Products Co. v. Baltimore & Ohio R.R., 474 F.2d 102, 104 (3rd cir. 1972). Absent affirmative evidence of the existence and nature of such latent, concealed defects or of some specific act of negligence by the plaintiff, the defendant cannot overcome its own admission in its bill of lading that the goods were received for delivery from the plaintiff in good condition. See D.P. Apparel Corp. v. Roadway Express, Inc., 736 F.2d 1, 4 (1st cir. 1984); Tuschman v. Penn R.R. Co., 230 F.2d 787, 791 (3rd cir. 1956). The defendant’s unsubstantiated allegation of shipper negligence simply begs the question at hand.
Similarly, the defendant’s simple assertion that the plaintiff-shipper loaded the cargo onto the defendant’s truck in no way permits the defendant to escape liability in the absence of positive evidence of concealed defects. *178 United States v. Savage Truck Line, Inc., 209 F.2d 442, 445 (4th cir. 1953). Given the court’s uncontested finding that the cargo was visible and open for inspection, any irregularity in the shipper’s bonding of the coils could have and should have been detected by the defendant. Once the defendant issued its clean bill of lading and accepted the cargo for delivery, it assumed liability for damage. Franklin Stainless Corp. v. Marco Transport Corp., 748 F.2d 865, 868 (4th cir. 1984).
*177 The primary duty as to the safe loading of property is upon the carrier. When the shipper assumes the responsibility of loading, the general rule is that he becomes liable for the defects which are latent or concealed and cannot be discovered by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper.
*178 The defendant’s final, unsubstantiated assertion, as posited in request for ruling number 14, is that the damage to the steel coils was caused after delivery to the consignee by unknown third persons. This conjecture by the defendant is wholly unsupported by any evidence and there was thus no error in the denial of request 14. This argument and those set forth in requests 11 and 12 betray the defendant’s misconception as to the burden of proof to be satisfied by a carrier under the Carmack Amendment. Once a plaintiff-shipper advances a prima facie case for recovery for damaged goods, “the carrier bears a heavy burden of proof akin to res ipsa loquitor because it has peculiarly within its knowledge the facts which may relieve it of liability.” Kaiser Alum. & Chem. Corp. v. Illinois Central Gulf R.R. Co., 615 F.2d 470, 474 (8th cir. 1980); United States v. Seaboard Coastline R.R., 384 F. Supp. 1103, 1107 (E.D.Va. 1974).The carrier’s dual burden is satisfied solely by a “preponderance of the credible evidence that it was free from negligence and that the damage to the cargo was due to one of the excepted causes.” Brockway-Smith Co. v. Boston & Maine Corp., 497 F.Supp. 814, 820 (D.Ma. 1980). The defendant’s unsubstantiated assertions as to shipper negligence or acts of third persons clearly fall short of this requisite quantum of proof. The report is also devoid of any evidentiary reference to an effort by the defendant to demonstrate its own degree of care or freedom from negligence.
3. There being no error, the report is dismissed.

 Section 11707(a)(1) states: “A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission. . .shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier and any other common carrier that delivers the property.. .are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property....”

 This and other evidence warranted the trial court’s finding that "the earner has failed to show by any credible evidence that the coils were damaged due to one of the excepted causes relieving it of liability... .the carrier was aware of the loose coils upon the arrival of the cargo and the shipper is not precluded from establishing that condition of the cargo by the consignee’s bill of lading acknowledging that the shipment was received in good condition.” This finding properly rendered immaterial defendant’s request for ruling number 7; and there was no error in the trial court’s qualified allowance of this request