TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00375-CV






In re Donna Rolland






ORIGINAL PROCEEDING FROM TRAVIS COUNTY






 Relator Donna Rolland filed a petition for writ of mandamus, complaining of the
county court at law's order granting a motion to compel arbitration filed by defendants and real
parties in interest Wheaton Van Lines, Inc. and Potter Warehouse & Transfer Co. (1) We will grant
Rolland's petition in part.

 In 1981, Rolland moved from Michigan to Texas. She contracted with Livernois
Moving & Storage to store her property, mostly furniture, in Michigan. Rolland alleges that her
property was in excellent condition when initially stored. Livernois ceased business in 1989. Upon
Livernois' recommendation, Rolland agreed to transfer her storage account from Livernois to
defendant Potter Warehouse & Transfer Co. In 1997, Rolland decided to have her property shipped
to Texas, and Potter recommended defendant Wheaton Van Lines, Inc. for the move. Rolland agreed
and hired Wheaton in April 1997, purchasing insurance through Wheaton. When her property
arrived, Rolland discovered the property was dank and some items were mildewed, damaged, or 
missing. 

 Rolland sued Potter and Wheaton, alleging that (1) they had been negligent in their
handling of her property and in failing to notify her that her property had been damaged, (2) they
breached their contracts with Rolland and their implied warranties that they would properly store and
deliver her property, (3) they breached the Deceptive Trade Practices Act, (2) (4) they breached the
Insurance Code, (3) and (5) Wheaton was liable under the Carmack Amendment. (4) Wheaton and Potter
both filed motions to compel arbitration, relying on an arbitration clause in the 1981 agreement
between Rolland and Livernois. 

 The arbitration clause is found in the warehouse receipt between Rolland and
Livernois that authorized Livernois to store Rolland's property. The clause reads:


Any controversy or claim arising out of or relating to this contract, the breach thereof,
or the goods affected thereby, whether such claims be found in tort or contract shall
be settled by arbitration law of the Company's [Livernois] State and under the rules
of the American Arbitration Association . . . .


 When Livernois ceased business in 1989, it sent a letter to Rolland regarding the
transfer to Potter, which read in relevant part as follows:

We are pleased to be able to advise you that we have made arrangements with a very
reliable company to take over your storage account.


They will keep the same storage rate that you are paying to Livernois at the present
time for a reasonable time. . . .


All we will need is a letter from you advising us to release your storage account to
Potter Warehouse and Transfer . . . .


The insurance you are carrying through Livernois will be carried by the same
insurance company at the same rate, for a reasonable time.



 Rolland responded, "I was delighted to know that arrangements have been made with
Potter Warehouse and Transfer. This letter will serve as authorization for the transferring of my
storage account (#081192) and contents to Potter Warehouse and Transfer . . . ."

 In spite of Rolland's opposition, the county court at law granted Wheaton's and
Potter's motions and stayed the litigation pending arbitration. Rolland seeks mandamus relief from
the order, alleging that the court abused his discretion in ordering her to arbitration and that she has
no adequate remedy by appeal. 


Standard of review in mandamus proceedings

 We may grant mandamus relief to correct a trial court's clear abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion if its decision
is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. Id. We give
great deference to a trial court's determination of factual matters; our review of a court's
determination of legal principles is much less deferential. Id. at 839-40. A clear failure by the trial
court to analyze or apply the law correctly will constitute an abuse of discretion. Id. at 840.


Did Potter and Wheaton waive their rights to seek arbitration?


 Rolland contends that both Potter and Wheaton waived their rights to seek arbitration
because they did not request that the trial court compel arbitration until they had substantially availed
themselves of the judicial forum. However, her argument regarding waiver is directed at Wheaton's
activity in the trial court, where it answered, served discovery requests, moved to strike some of
Rolland's pleadings, sought removal to federal court, and pursued a motion for summary judgment
through a hearing.

 A delay in demanding arbitration does not constitute waiver unless there is actual
prejudice to the opposing party. Pepe Int'l Dev. Co. v. Pub Brewing Co., 915 S.W.2d 925, 931 (Tex.
App.--Houston [1st Dist.] 1996, no writ). Waiver is found only when the party seeking arbitration
has substantially invoked the judicial process to the detriment of the opposing party. In re Bruce
Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998); Pepe Int'l, 915 S.W.2d at 931. Waiver depends
on the individual circumstances of each case. Pepe Int'l, 915 S.W.2d at 931. The party opposing
arbitration bears a heavy burden of proof to establish that the other party has waived its arbitration
rights. Bruce Terminix Co., 988 S.W.2d at 705. We resolve any doubt in favor of arbitration. Id.

 Although Wheaton participated in the judicial process, it mounted an aggressive
defense that did not go beyond a defensive posture. The motion for summary judgment and
discovery requests sought only to remove Wheaton from Rolland's suit. Further, Rolland has not
shown she has been prejudiced by Wheaton's delay in moving for arbitration. Id. at 704. 

 As for whether Potter waived its rights, Rolland points only to Wheaton's conduct
in arguing waiver. She does not allege that Potter substantially availed itself of the judicial process
and she does not point out actions by Potter that would show waiver. The record indicates only that
Potter answered, served several basic discovery requests on Rolland, and joined Wheaton's motion
to compel arbitration. Potter did not move for summary judgment, nor did it seek to remove the
cause to federal court. Mere delay in requesting arbitration does not automatically constitute waiver. 
Pepe Int'l, 915 S.W.2d at 931. Rolland has not carried her substantial burden to show Wheaton or
Potter waived its right to seek arbitration. Bruce Terminix Co., 988 S.W.2d at 705.


Can Wheaton rely on the arbitration clause?


 Rolland contends the trial court erred in compelling her to arbitrate her claims
because no enforceable arbitration agreement existed between her and Wheaton. She also contends
that the alleged arbitration agreement was void under the Carmack Amendment. (5) See 49 U.S.C.A.
§ 14708 (West 1997 & Supp. 2001). Wheaton argues that its relationship with Rolland was
governed by the warehouse receipt.

 Under very limited circumstances, courts have allowed a nonsignatory to a contract
to enforce an arbitration clause. See MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th
Cir. 1999); Hoffman v. Deloitte & Touche, L.L.P., 143 F. Supp.2d 995,1004-05 (N.D.Ill. 2001); In
re Keystone Shipping Co., 782 F. Supp. 28, 30-32 (S.D.N.Y. 1992); see also McCarthy v. Azure, 22
F.3d 351, 362-63 (1st Cir. 1994) (alter ego and third party beneficiary theories); Arnold v. Arnold
Corp., 920 F.2d 1269, 1281-82 (6th Cir. 1990) (contract and agency theories). A nonsignatory may
enforce an arbitration agreement when under agency or related principles, the relationship between
signatory and nonsignatory defendants is such that only by allowing the nonsignatory to require
arbitration may the underlying agreement be preserved. See Hoffman, 143 F. Supp.2d at 1004-05
(quoting Franklin, 177 F.3d at 947). If parties to a contract agree to confer certain contractual
benefits on a third party, that third party may invoke the contract's arbitration clause. Id. at 1004. 
A nonsignatory may also compel arbitration if a signatory either must rely on a contract containing
an arbitration clause in asserting its claims against the nonsignatory or alleges substantially
interdependent misconduct by both a nonsignatory and one or more signatories. Id. at 1004-05. The
Keystone Shipping court discussed four specific situations in which a nonsignatory may enforce or
be held to arbitration: (1) if the corporate veil is pierced, a nonsignatory may be required to arbitrate
as the signatory's alter ego; (2) if a nonsignatory and a signatory are parties to a bill of lading
expressly incorporating another contract's arbitration clause, the nonsignatory may enforce the
clause; (3) a nonsignatory agent may be held by its conduct to have impliedly agreed to arbitrate; and
(4) a nonsignatory may enforce an arbitration clause in a contract it signed on behalf of its principal. 
See Keystone Shipping, 782 F. Supp. at 30-32. 

 None of these situations applies here to allow Wheaton to avail itself of the arbitration
clause contained in the warehouse receipt between Rolland and Livernois, signed about 20 years
earlier. Wheaton was not a party to the warehouse receipt, nor did it agree to assume any duties and
benefits under it. In her pleadings, Rolland refers to an agent/principal relationship between
Wheaton and Potter, a relationship Wheaton does not dispute and in fact seeks to rely upon in
invoking the arbitration clause. However, it is clear from Rolland's pleadings that she is not suing
Wheaton for damage that occurred while Potter stored her property. Wheaton may not rely on the
warehouse receipt to compel arbitration of Rolland's claims. Rolland is not required to arbitrate her
dispute with Wheaton.


Can Potter rely on the arbitration clause?


 Rolland likewise contends the county court at law erred in compelling her to arbitrate
her claims because no enforceable arbitration agreement existed between her and Potter. Rolland
also contends that any alleged arbitration agreement was rendered void by the Carmack Amendment. 
Potter argues that its relationship with Rolland is governed by the warehouse receipt and that the
Carmack Amendment does not apply to its relationship with Rolland.

 There is a strong presumption in favor of arbitrability and any doubts concerning the
scope of arbitrable issues must be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v.
Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); Pepe Int'l, 915 S.W.2d at 930. However, no
presumption of arbitrability arises unless the trial court finds an enforceable arbitration agreement. 
In re Jebbia, 26 S.W.3d 753, 757 (Tex. App.--Houston [14th Dist.] 2000, no pet.). Arbitration is
a contract matter, and a party will not be required to arbitrate a dispute if she has not agreed to do
so. AT&T Techs., Inc. v. Communications Workers, 475 U.S. 643, 648 (1986) (quoting United Steel
Workers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)); see Wasserstein v. Kovatch,
618 A.2d 886, 890 (N.J. Super. Ct. App. Div.), certif. denied, 627 A.2d 1145 (N.J. 1993). Once an
enforceable agreement to arbitrate is found, the presumption arises that all disputed issues between
the parties must be arbitrated, and the court must compel arbitration. Jebbia, 26 S.W.3d at 757. The
arbitrability of a claim depends on the relationship of the claim to the subject matter of the arbitration
clause, not on the characterization of the claim. In re Oil Spill by the Amoco Cadiz, 659 F.2d 789,
794 (7th Cir. 1981). 

 The subject matter of Rolland's claims against Potter is the property she stored with
Livernois that Livernois transferred to Potter's care. The arbitration clause in the warehouse receipt
is very broad. Rolland consented to the transfer of her storage account from Livernois to Potter. 
Potter may insist on enforcement of the arbitration clause to the same extent as could Livernois
insofar as Rolland's claims against Potter arise from the storage of her property.


Conclusion


 Wheaton may not rely on the warehouse receipt to compel Rolland to arbitrate her
claims against it. Potter, as Livernois' assignee, assumed the responsibilities and benefits of the
warehouse receipt and may rely on the arbitration clause to require Rolland to arbitrate her claims
related to Potter's storage of her property. We conditionally grant in part the writ of mandamus with
instructions for the county court at law to modify his April 30, 2001 order to require Rolland to
arbitrate only her claims against Potter. The writ will issue only in the unlikely event that the county
court at law does not modify his April 30 order consistent with this opinion.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Filed: December 13, 2001

Publish

1. Wheaton and Potter argue initially that this Court lacks jurisdiction over this matter because
it is an attempted interlocutory appeal that does not fall within the statute allowing for such appeals
and because Rolland has not shown that she lacks an adequate remedy by appeal. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 51.014, 171.098 (West Supp. 2001). However, mandamus is an
appropriate remedy for a party who is compelled to arbitrate without having agreed to do so. See
Freis v. Canales, 877 S.W.2d 283, 284 (Tex. 1994); In re Godt, 28 S.W.3d 732, 738 (Tex.
App.--Corpus Christi 2000, no pet.). We have jurisdiction to consider Rolland's complaints.
2. Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 2001).
3. Tex. Ins. Code Ann. § 21.21 (West 1981 & Supp. 2001).
4. See 49 U.S.C.A. § 14706 (West 1997 & Supp. 2001) (governing motor carrier's liability for
property it transports); see also Johnson & Johnson v. Chief Freight Lines Co., 679 F.2d 421, 421-22
(5th Cir. 1982) (under Carmack Amendment shipper establishes prima facie case against carrier by
showing delivery to carrier, receipt of fewer goods at destination, and damages; carrier is liable for
loss unless it can show it was not negligent and damage was due to excepted cause). Rolland also
relies on another section of the Carmack Amendment that governs the resolution of disputes between
carriers and shippers, including provisions related to arbitration of such disputes. See 49 U.S.C.A.
§ 14708 (West 1997 & Supp. 2001), discussed infra pp. 5-8.
5. Wheaton contends that Rolland waived her claim that the arbitration clause is void under the
Carmack Amendment by not adequately raising it before the trial court. However, Wheaton filed
several pleadings urging that Rolland's state law claims were barred by the Carmack Amendment. 
Wheaton may not argue to the trial court that it is shielded by the amendment and then argue to this
Court that Rolland may not also avail herself of the amendment. Further, the record includes
Rolland's motion that the county court at law reconsider his ruling on the motion to arbitrate. In that
motion, Rolland argued that the Carmack Amendment voided the arbitration agreement.