United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 04-20982

————————

MAN ROLAND, INC.,

Plaintiff - Appellant,

versus

KREITZ MOTOR EXPRESS, INC., ET AL.,

Defendants,

ASCO USA, LLC, doing business as ASCO Freight Management,

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas

Before REAVLEY, HIGGINBOTHAM, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff-Shipper MAN Roland Inc. ("MAN") appeals from the district court's grant of

summary judgment in favor of Defendant-Carrier ASCO USA, L.L.C. ("ASCO"), holding ASCO not

liable for weather-related damage to a printing press during shipment.

I

MAN, a distributor of commercial printing presses, contracted for the sale of a printing press

to Texas Tech University ("Texas Tech") in Lubbock, Texas. MAN retained Kreitz Motor Express, Inc., d/b/a KMX International ("KMX"), who hired ASCO to package, load, and transport the press from the Port of Houston to Lubbock. ASCO, in turn, hired Kellogg Brown & Root, d/b/a Joe D. Hughes Transportation ("Joe D. Hughes"), to provide transportation by flatbed trailer.

The press was broken down into twenty-two separate packages; some of the press pieces were in crates while others were enclosed in metallic vacuum packaging. Although the crates could be transported safely aboard a flatbed trailer, ASCO recommended that the vacuum-packaged pieces be shipped separately by covered van or, if transported by flatbed trailer, that they be covered with a "hood box." It feared that, absent such protections, the vacuum packaging would tear in the heavy winds and rain expected during the trip to Lubbock and expose the press to the elements. MAN declined this recommendation. Instead, MAN requested that the trailer be "properly tarped."

As requested, ASCO employees placed the vacuum-packaged press pieces on a flatbed trailer, and both Joe D. Hughes and ASCO employees covered them with multiple canvas and nylon tarpaulins. During the trip to Lubbock, rain and heavy winds buffeted the trailer. Upon arrival, Texas Tech discovered tears in the vacuum packaging, determined that the press was damaged, and refused to accept delivery.

MAN sued ASCO, KMX, and Joe D. Hughes in district court, alleging a violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (1996) (formerly codified at 49 U.S.C. § 20(11) and 49 U.S.C. § 11707) ("Carmack Amendment"), breach of contract, and common law negligence.[1] ASCO moved for summary judgment, arguing that federal law preempted

---

[1] KMX and Joe D. Hughes reached a settlement with MAN and the district court subsequently dismissed MAN's claims against those defendants with prejudice.

the common law claim and that it was not liable for damages under the Carmack Amendment because: (1) it was not negligent in loading, strapping, or covering the press; and (2) MAN caused the damage to the printing press by demanding the use of tarpaulins. MAN opposed ASCO's motion and filed a cross-motion for summary judgment. Acknowledging that the Carmack Amendment provided its exclusive remedy, MAN nevertheless argued that ASCO's motion should be denied and its motion granted because: (1) MAN had established its *prima facie* case under the Carmack Amendment; and (2) ASCO could not meet its burden of proving both that it was free from negligence and that MAN was the sole cause of the damage to the press.

The district court granted ASCO's motion for summary judgment without opinion, but did not expressly dispose of MAN's cross-motion for summary judgment. The district court later denied MAN's motion for reconsideration "[b]ecause ASCO transported the press as MAN Roland had instructed." It also denied MAN's motion for findings of fact and conclusions of law. The district court entered final judgment and MAN appeals.

## II

MAN contends that the district court's grant of summary judgment should be reversed because ASCO failed to meet its burden under the Carmack Amendment to show that it was free from negligence and that MAN was the sole cause of the damage to the press.

We review the district court's order granting summary judgment *de novo*, applying the same legal standard as the district court. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (citing *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 278 (5th Cir. 2001)); *Wyatt v. Hunt Plywood, Co.*, 297 F.3d 405, 408 (5th Cir. 2002). We affirm the judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In

determining whether there is a dispute regarding a material fact, we consider all the evidence in the record but do not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In reviewing the evidence, "all justifiable inferences will be made in the nonmoving party's favor." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The Carmack Amendment to the Interstate Commerce Act provides that "[a] carrier . . . [is] liable . . . for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported . . . ." 49 U.S.C. § 14706(a)(1). To recover, a shipper must establish a *prima facie* case of negligence by demonstrating: (1) delivery of the goods in good condition; (2) receipt by the consignee of less goods or damaged goods; and (3) the amount of damages. *Hoskins*, 343 F.3d at 778; *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996); *Johnson & Johnson v. Chief Freight Lines Co.*, 679 F.2d 421, 421 (5th Cir. 1982). If the shipper establishes a *prima facie* case,[2] there is a rebuttable presumption of negligence. *Frosty Land Foods Int'l v. Refrigerated Transp. Co.*, 613 F.2d 1344, 1346-47 (5th Cir. 1980). The carrier can overcome this presumption by showing that it was free from negligence *and* that the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority. *Mo. Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964).

---

[2] In its motion for summary judgment, ASCO did not dispute that MAN had established its *prima facie* case. Accordingly, this is not an issue on appeal.

A

ASCO argues that it was not negligent because "it did everything it could have done to protect the press given MAN Roland's instructions" to use an unsuitable method of transport—flatbed trailers covered by tarpaulins. ASCO contends that, as a matter of law, it was not negligent because no amount of care would have protected the press from damage.

ASCO relies on *A.J. Tebbe & Sons Co. v. Brown Express*, 341 S.W.2d 642 (Tex. 1961), in which the Supreme Court of Texas stated in dicta that "[t]he shipper who knowingly accepts and uses an unsuitable car supplied by the carrier instead of requesting and obtaining a proper vehicle when the latter course is reasonably available to him is deemed in law to have selected the one used and cannot subject the carrier to liability for damages . . . ." *Id.* at 648. ASCO's reliance on *A.J. Tebbe & Sons* is wholly misplaced.

First, *A.J. Tebbe & Sons* is state law and we have found no federal case that has held that a carrier is relieved of its duty of care under the Carmack Amendment under these circumstances. Second, ASCO's argument fails because it rests on the faulty premise that an instruction to use an unsuitable means of transport automatically relieves a carrier of its duty to exercise ordinary care. Under *Elmore & Stahl*, "the burden of proof is upon the carrier to show . . . that it was free from negligence . . . ." *Id.* at 138. This requires proof that the carrier "exercise[d] reasonable care[] under the circumstances." *Federated Dep't Stores v. Brinke*, 450 F.2d 1223, 1227 (5th Cir. 1971). MAN's instruction to use allegedly "unsuitable" tarpaulins was but one such circumstance. Advised of MAN's choice, ASCO had a continuing obligation to act reasonably, under the prevailing circumstances, to prevent damage to the press in whole or in part. *See Gordon H. Mooney, Ltd. v. Farrell Lines, Inc.*, 616 F.2d 619, 625 (2d Cir. 1980) (holding that shipper negligence does not

absolve a carrier of liability if damage would not have occurred but for the "concurrent fault" of the carrier); *Johnson v. Chicago, M., S.P. & P. R.R.*, 400 F.2d 968, 972 (9th Cir. 1968) ("[I]f the carrier's negligence mingles with the excepted cause as an active or cooperating cause, there is liability on the carrier.").[3] Governed only by MAN's instruction to "properly tarp[]" the load, ASCO was obliged to "furnish suitable equipment" and exercise reasonable care in selecting tarpaulins and attaching them to the trailer. *Federated Dep't Stores*, 450 F.2d at 1226.[4]

Moreover, ASCO failed to establish that the tarpaulins were patently unsuitable as contemplated in *A.J. Tebbe & Sons*. Clearly, the summary judgment record contains some evidence that tarpaulins would not protect vacuum-packaged items in stormy conditions. Specifically, an

---

[3] ASCO argues to the contrary, relying on *Trautmann Bros. v. Missouri Pacific R.R.*, 312 F.2d 102, 104 (5th Cir. 1962) and *Pilgrim Distributing Corp. v. Terminal Transport Co.*, 383 F. Supp. 204, 210 (S.D. Ohio 1974) to show that a carrier who complies with the instructions of a shipper cannot be liable. Importantly, both of these cases recognize that, in addition to faulty instructions, the carrier must demonstrate that it exercised reasonable care. *See Trautmann Bros.*, 312 F.2d at 104 ("So long as the carrier has discharged its duty of reasonable care, it is not liable for damage to a shipment caused . . . solely by the acts or directions of the shipper."); *Pilgrim Distrib. Corp.*, 383 F. Supp. at 210 (finding that, in addition to establishing that it was free from negligence, the defendant showed fault by the shipper). Therefore, even under the cases cited by ASCO, a carrier is not relieved of its duty to exercise reasonable care simply because a shipper has provided faulty instructions.

[4] ASCO relies on *Atlantic Coast Line R.R. v. Georgia Packing Co.*, 164 F.2d 1, 3-4 (5th Cir. 1947) where we held that a carrier was not liable because it had demonstrated compliance with detailed instructions from the shipper. *Georgia Packing* preceded *Elmore & Stahl* in which the United States Supreme Court held that the carrier bears the burden of proving "both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Elmore & Stahl*, 377 U.S. at 138. On this appeal from summary judgment, we need not reach the question of whether compliance with detailed and comprehensive instructions remains "a complete defense to an allegation of negligence in connection with the protective service," *Georgia Packing*, 164 F.2d at 4, because MAN's directive to "properly tarp[]" was not detailed. Rather, it gave ASCO—the expert party and the party best-suited to adopt reasonable measures to protect the press during transport—reasonable discretion to choose the type of tarpaulins and the method by which to secure them to the trailer.

ASCO employee testified that he had never shipped vacuum-packaged equipment protected only by tarpaulins. Also, a Joe D. Hughes employee testified that the ideal method for shipping vacuum-packaged equipment is with hood boxes or covered vans and that covering the press with tarpaulins in a manner different from that employed would not have prevented damage to the press. Although MAN does not dispute that covered vans and hood boxes would have provided greater protection from the rain and wind, it contends that an appropriate combination of tarpaulins and related materials would have afforded sufficient protection from the elements.[5] MAN produced evidence establishing that it had used tarpaulin-covered trailers to transport successfully vacuum-packaged materials in inclement weather.[6] Furthermore, its evidence suggests that a trailer could be rendered "weather-tight" by, for instance, securing a single waterproof tarpaulin around the entire load. On the record before us, ASCO has provided insufficient evidence to establish as a matter of law that tarpaulins are patently unsuitable. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (noting that where both parties have submitted evidence of contradictory facts, "[w]e resolve factual controversies in favor of the nonmoving party"). At best, the record indicates that MAN chose a less expensive,

---

[5] MAN argues for the first time on appeal that, if ASCO believed that transport under tarpaulins was negligent, ASCO should have refused the shipment or secured a release prior to shipment. This argument is waived. *See Pluet v. Frasier*, 355 F.3d 381, 384-85 (5th Cir. 2004) ("We will not disturb the district court's judgment based upon an argument presented for the first time on appeal."). MAN also contends that, if ASCO believed the press would be damaged if it followed MAN's instructions, it was negligent in choosing to proceed with the shipment. We rejected a similar "you-should-have-known-better-than-to-rely-on-me argument" in *Federated Department Stores* and do so again here. 450 F.2d at 1226.

[6] ASCO argues that MAN's experience with tarpaulins is not admissible evidence because MAN has not demonstrated that its past practice was sufficiently similar to the facts at bar. Specifically, the weather may not have been as severe, the press may have been different, and the press may not have been vacuum packaged. We disagree. "[E]vidence of general shipping practices" may be competent evidence in Carmack Amendment cases. *Accura Sys., Inc.*, 98 F.3d at 879.

though perhaps not risk-free, method to protect the press.

Because its duty of care did not dissolve after MAN provided instructions regarding transport, ASCO bore the burden of proving that it "properly tarped" the press for transport. Notably, ASCO provided virtually no evidence demonstrating that it used reasonable care in selecting and attaching tarpaulins to protect the press.[7] Rather, it relies steadfastly upon its contention that tarpaulins were inadequate and that no amount of care would have protected the load. It argues that MAN failed to establish a genuine issue of material fact regarding ASCO's negligence in covering the press for transport.

To establish that it was free from negligence, ASCO must show that its actions were those of "an ordinarily prudent person exercising ordinary care . . . under the circumstances . . . ." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 541 (5th Cir. 2005).[8] "Local usage, general custom, and conformity with a uniform custom of persons engaged in a like business," may be considered evidence of ordinary care. *City of Brady, Tex. v. Finklea*, 400 F.2d 352, 356 (5th Cir. 1968); *see also Fla. Fuels, Inc. v. Citgo Petroleum Corp.*, 6 F.3d 330, 334 (5th Cir. 1993) (providing

---

[7] For the first time at oral argument, ASCO proposed that the duty to "properly tarp[]" the press lay with Joe D. Hughes. This argument is waived because ASCO did not brief this issue and because it provided no legal or factual support for this position. *See Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 260 n. 9 (5th Cir. 1995); FED. R. APP. P. 28(a)(9)(A) (argument in briefs must contain the reasons for a party's assertion with citations to the authorities and parts of the record relied on).

[8] In a common law negligence action, the plaintiff typically bears the burden of proving duty, breach, proximate cause, and damage. *Bykowicz v. Pulte Home Corp.*, 950 F.2d 1046, 1053 (5th Cir. 1992); *Pilgrim v. Fortune Drilling Co.*, 653 F.2d 982, 984 (5th Cir. 1981) (citing *Abalos v. Oil Dev. Co. of Tex.*, 544 S.W.2d 627, 631 (Tex. 1976); *Coleman v. Hudson Gas & Oil Corp.*, 455 S.W.2d 701, 702 (Tex. 1970)). Under the Carmack Amendment, however, the burden shifts to the carrier because the carrier has information "peculiarly within its knowledge" that would relieve it of liability. *Elmore & Stahl*, 377 U.S. at 143.

that "custom may help define the standard of care"); W. KEETON, D. DOBBS, R. KEETON, & D. OWEN, PROSSER AND KEATON ON LAW OF TORTS § 33 (5th ed. 1984) (evidence of custom is relevant and admissible on the question of standard of care).

Upon our review of the summary judgment evidence, we find that there is some evidence that ASCO exercised due care. It researched weather conditions, informed MAN (through KMX) of its concerns regarding transportation of the press, and covered the press with tarpaulins. Conversely, MAN has provided some evidence of ASCO's negligence, including information indicating that it is industry custom to transport water-sensitive materials under a single waterproof tarpaulin and evidence demonstrating that ASCO failed to do so, choosing to use multiple nylon and canvas tarpaulins instead.

Accordingly, we hold, based on the summary judgment evidence that (1) whether ASCO or Joe D. Hughes breached the standard of care in selecting these materials, rather than more durable tarpaulins and bungee cords, and (2) whether these materials, if properly selected, were attached and secured with reasonable care, are questions of fact for the jury. *See Atl. Coast Line R.R. v. Key*, 196 F.2d 64, 66 (5th Cir. 1952) ("What is the exercise of ordinary care, under the circumstances, is ordinarily for determination by the jury.").

B

Assuming *arguendo* that the undisputed evidence demonstrates that ASCO was free of negligence, ASCO must still demonstrate that the "shipper exception" to liability under the Carmack Amendment applies. In a reprise of its arguments disputing negligence, ASCO argues that MAN caused t he water damage to the press by instructing ASCO to use tarpaulins rather than "a more protective method" of transportation. It contends that this instruction was negligent and proximately

caused damage to the press.

"Imposition of liability on the carrier and its obligation to indemnify the shipper is subject to an exception arising out of the acts of the shipper." *Franklin Stainless Corp. v. Marlo Transp. Corp.*, 748 F.2d 865, 868 (4th Cir. 1984). Such an exception may arise where a shipper behaves negligently. *See Federated Dep't Stores*, 450 F.2d at 1226 (suggesting that shipper negligence may eviscerate a carrier's liability).

Assuming that MAN undertook a duty when, as the shipper, it directed ASCO to use tarpaulins instead of its preferred method,[9] ASCO has not established as a matter of law that MAN was negligent. As discussed above, ASCO has not shown that tarpaulins, when attached with reasonable care, could not have protected a press during heavy winds and rain. More importantly, it has produced insufficient evidence regarding the standard of care for transport of water-sensitive items to establish that MAN's instructions were deficient. Accordingly, we cannot say, as a matter of law, that the shipper's decision to refuse an ideal method of protection, when a different less-costly method might have provided adequate protection, was unreasonable. Nor do we find, as a matter of law, that MAN was negligent in instructing ASCO to "properly tarp[]" the load.

Because ASCO cannot establish as a matter of law that it was free of negligence and that the damage was attributable to MAN's act, the district court erred in granting summary judgment in ASCO's favor.

C

---

[9] As a general matter, a shipper does not owe a duty to a carrier after it has delivered its goods to the carrier. *See Conair Corp. v. Old Dominion Freight Line, Inc.*, 22 F.3d 529, 533 (3d Cir. 1994) (finding that the shipper had no duty to the carrier once it had delivered the goods to the carrier).

MAN proposes that we may properly review the merits of its cross-motion for summary judgment in this appeal. We disagree. Absent special circumstances, a federal appellate court will not consider an issue passed over by a district court. *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 n.6 (5th Cir. 1999); *Baker v. Bell*, 630 F.2d 1046, 1055 (5th Cir. 1980). There is no indication that the district court considered any of MAN's arguments with the burdens and presumptions favoring ASCO as the nonmovant. Indeed, the district court's failure to rule on MAN's cross-motion and its failure to issue findings of fact or conclusions of law supporting its grant of ASCO's motion renders it all but impossible to assess the merits of MAN's cross-motion. Under such circumstances, we decline to review the merits of MAN's cross-motion for summary judgment.

III

For the foregoing reasons, we VACATE the district court's grant of summary judgment and REMAND for further proceedings.