**NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY LTD. and North Cypress Medical Center Operating Company GP, LLC, Plaintiffs,**

v.

**FEDEX CORPORATION and Federal Express Corporation, Defendants.**

**Civil Action No. H–11–3735.**

United States District Court,
S.D. Texas,
Houston Division.

Sept. 14, 2012.

J. Douglas Sutter, Kelly, Sutter & Kendrick, P.C., Houston, TX, for Plaintiffs.

Robert R. Ross, Federal Express Corp., Memphis, TN, for Defendants.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court is the Motion for Summary Judgment on Behalf of Fedex Corporation and for Partial Summary Judgment on Behalf of Federal Express Corporation. Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted in part and denied in part.

## I. BACKGROUND

This case arises from the shipment of three boxes of medical documentation shipped from Houston to Dallas. On December 7, 2011, Plaintiffs North Cypress Medical Center Operating Company, Ltd. and North Cypress Medical Center Operating Company GP, LLC (collectively, "North Cypress"), through their legal counsel, shipped three boxes of confidential patient documentation that contained HIPAA-protected documents [1] and personal patient information from Houston, Texas to Dallas, Texas via ground transportation. North Cypress chose Federal Express Corporation ("Federal Express") as its carrier, and a pre-printed airbill was completed by counsel for North Cypress.[2] No value was declared for the shipment. In the process of delivery, one of the boxes was dropped, allowing some of the documents to scatter and become lost. The driver of the delivery truck, a Federal Express employee, resealed the box, without the missing documents, and delivered the damaged box along with the two undamaged boxes. North Cypress claims that Federal Express failed to notify anyone of the damage done to the box or the missing documents; instead, Federal Express attempted to conceal the incident and denied "that anything untoward had happened to the boxes and claimed that all of them had been delivered 'intact' to the addressee's Dallas offices." [3] According to North Cypress, it was not until much later—after Dallas citizens had found and returned several of the missing documents to North Cypress—that Federal Express admitted that a box had been damaged. As a result of the lost documents, North Cypress claims it was required to conduct an extensive and expensive investigation pursuant to federal regulations and statutory requirements.[4]

1. The Health Insurance Portability and Protection Act of 1996 ("HIPAA") creates privacy and security rules related to personal health information held by covered entities. *Health Insurance Portability and Protection Act of 1996*, Pub. L. No. 104–191, 110 Stat. 1936.

2. North Cypress's attorneys, the law firm of Kelly, Sutter, Mount & Kendrick, shipped the documents on behalf of North Cypress. *Memorandum Brief in Support of Motion for Summary Judgment on Behalf of Fedex Corpo-*

*ration and for Partial Summary Judgment on Behalf of Federal Express Corporation*, Exhibit 2 at 5 (*FedEx U.S. Airbill*). Neither party disputes that the law firm was acting as an agent for North Cypress.

3. *Plaintiffs' First Amended Original Complaint* at 3, ¶ 12.

4. The Amended Complaint lists over two pages of specific actions that were taken by

On October 19, 2011, North Cypress sued Federal Express, alleging state law causes of action for negligence, gross negligence, reckless misconduct, breach of contract, and fraud.[5] North Cypress also seeks punitive damages and attorneys' fees.[6] North Cypress asserts that it is not suing for the value of the lost documents themselves, but rather for the expenses incurred as a proximate result of the dissemination of confidential patient information.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir.1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant

to come forward with specific facts showing there is a genuine issue for trial. *See* FED.R.CIV.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir.1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir.1994). If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. 2505. The nonmovant's bur-

North Cypress to remedy the breach of security related to the dissemination of confidential patient information and HIPAA-protected documents. *Plaintiffs' First Amended Original Complaint* at 3–6.

**5.** On November 14, 2011, North Cypress filed a First Amended Original Complaint, superseding the originally filed pleading. While the First Amended Original Complaint names Federal Express Corporation as the sole defendant, North Cypress designated FedEx Corporation in Plaintiffs' Amended Disclosure of Interested Parties. Compare *Plaintiffs' First Amended Original Complaint* at 1(identifying "Federal Express Corporation" as a defendant), with *Plaintiffs' Amended Disclosure of Interested Parties* at 1 (identifying "FedEx Corporation"). As discussed later, the Court construes this to be a misunderstanding on

behalf of North Cypress rather than an intent to sue both Federal Express and FedEx. *See* Part III.A.2 (explaining that Federal Express is the proper party to the suit, not FedEx).

**6.** Without further specification, Plaintiffs also assert "other causes of action to be shown at the trial of this case." *Plaintiffs' First Amended Original Complaint* at 6, ¶ 16. Such general language does not meet the pleading requirements of Federal Rule of Civil Procedure 8 and does not create a valid cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (interpreting the requirements of Rule 8); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (same). Accordingly, the Court need not consider this language.

den cannot be satisfied by conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir.2007) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). Furthermore, it is not the function of the court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman,* 954 F.2d 1125, 1137 n. 30 (5th Cir.1992).

### III. *LAW & ANALYSIS*

Defendants, in effect, make two motions for summary judgment: First, Defendants move to dismiss any claims, if they exist, against FedEx. Second, Defendants seek partial summary judgment on North Cypress's claims against Federal Express. North Cypress does not present argument to oppose the summary judgment as to FedEx, but does oppose the partial summary judgment filed by Federal Express. The Court will address each motion in turn.

### A. *FedEx Corporation's Motion for Summary Judgment*

FedEx moves for summary judgment, claiming that it is not a proper party to the lawsuit. FedEx contends that, although it is the parent company of Federal Express, it is a separately incorporated entity and North Cypress has failed to establish any viable cause of action directly against Fe-dEx. Defendants claim that "the inclusion of FedEx Corporation as a party defendant is an error resulting from a lack of understanding of the corporate structure of the 'FedEx' affiliated companies rather than a serious belief that FedEx Corporation has any liability in this matter."[7] North Cypress has not responded to the request for dismissal of claims against Fe-dEx.[8] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. TEX. LOCAL R. 7.4.

### 1. *Liability of a Parent Corporation*

■ A parent corporation is not generally liable for the torts committed by its subsidiaries. *United States v. Bestfoods,* 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998); *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.,* 979 S.W.2d 730, 739 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Parent corporations and subsidiary corporations are distinct and separate "persons" as a matter of law. *In re U–Haul Int'l, Inc.,* 87 S.W.3d 653, 656–57 (Tex.App.-San Antonio 2002, no pet.). To hold a corporation liable for acts of its subsidiary or affiliate, a court must determine that some equitable doctrine is applicable to disregard the separate existence of the corporations.[9]

### 2. *Application*

North Cypress named "Federal Express Corporation" a defendant in the First Amended Original Complaint. However, when filing its Amended Certificate of In-

---

7. *Memorandum Brief in Support of Motion for Summary Judgment on Behalf of Fedex Corporation and for Partial Summary Judgment on Behalf of Federal Express Corporation* at 5.

8. The response filed by North Cypress excludes any reference to *FedEx's* emotion for summary judgment, but instead only addresses *Federal Express's* partial motion for summary judgment. *See Plaintiffs' Response in Opposition to Defendant's Motion for Partial Summary Judgment.*

9. *See, e.g., Bridgestone Corp. v. Lopez,* 131 S.W.3d 670, 681 (Tex.App.-Corpus Christi 2004, pet. granted, judgm't vacated w.r.m.) (explaining two equitable theories that allow a court to hold a corporation liable for the acts of another: the "single business enterprise" theory and the "alter ego" theory); *Houston, Inc. v. Theriot,* 849 S.W.2d 928, 931 (Tex.App.-Houston [1st Dist.] 1993, no writ) (analyzing how a corporation can be liable for the debts of another).

terested Parties, North Cypress named "FedEx Corporation."[10] The First Amended Original Complaint fails to make any claims against FedEx specifically, and neither the First Amended Original Complaint, nor the Amended Certificate of Interested Parties names both Federal Express and FedEx. The Court, therefore, construes the discrepancy between the First Amended Original Complaint and the Amended Certificate of Interested Parties as confusion by North Cypress.

■ Moreover, although FedEx owns 100% of the shares of stock in Federal Express, without some theory of liability FedEx cannot be held liable for the torts committed by its subsidiary Federal Express merely because of the corporate relationship. The Court therefore finds that FedEx Corporation's motion for summary judgment should be granted—all claims are dismissed as to FedEx Corporation.

### B. Federal Express Corporation's Partial Motion for Summary Judgment

Federal Express argues that all of North Cypress's claims, except for the breach of contract claim, are preempted by the Airline Deregulation Act, including the request for punitive damages. Federal Express further argues that its liability for breach of contract is limited to $100.00 based on the applicable contract of carriage—the airbill, which incorporates by reference Federal Express's Service Guide. North Cypress, on the other hand, contends that the ADA does not preclude any of the claims and that limitation of liability to an amount of $100.00 would be unconscionable, against public policy, or both. The Court will analyze each of these arguments in turn.

### 1. State Law Tort Claims
#### a. The Airline Deregulation Act and its Application

The Airline Deregulation Act of 1978 ("ADA") was enacted to "dismantle federal economic regulation" of interstate air transportation. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir.1995). "To prevent the states from frustrating the goals of deregulation by establishing or maintaining economic regulations of their own" Congress prohibits state law tort claims against air carriers when the claims are related to the prices, routes, or services of an airline carrier. *Id.*; 49 U.S.C. § 41713(b). Specifically, the ADA states:

> **(b) Preemption** ... [A] State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation.

49 U.S.C. § 41713(b). Although aimed at the airline industry, the ADA and the preemption provision also apply to all carriers that are *affiliated* with a direct air carrier. 49 U.S.C. § 41713(b)(4). In addition, the statute applies to air carriers when they transport property via motor vehicle. The statute specifies that it applies to "an air carrier or carrier affiliated with a direct air carrier through common controlling ownership when such carrier is transporting property by aircraft or by motor vehicle (**whether or not such property has had or will have a prior or subsequent air movement**)." 49 U.S.C. § 41713(b)(4)(A) (emphasis added). Here, it is undisputed that Federal Express is an air carrier for purposes of the ADA.[11]

---

**10.** *Plaintiffs' Amended Disclosure of Interested Parties* at 1.

**11.** Federal Express Corporation filed its Air Carrier Certificate as summary judgment evi-

dence. *Memorandum Brief in Support of Motion for Summary Judgment on Behalf of Fedex Corporation and for Partial Summary Judgment on Behalf of Federal Express Corporation,* Exhibit 2 at 4 (*Air Carrier Certificate*).

Therefore, although there is no contention that the boxes were ever carried by air, the ADA is still applicable because the property was transported by a company certified as an air carrier. 49 U.S.C. § 41713(b)(4)(A).

 Nonetheless, courts have made clear that at least some claims against air carriers are not preempted by the ADA. *See Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 390, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (acknowledging that some state actions would not be preempted); *Hodges,* 44 F.3d at 340 (holding that a tort action for personal injury was not preempted). Courts have struggled to define the line between state law claims that are preempted by the ADA and those that "affect [airline fares] in too tenuous, remote, or peripheral a manner" to be preempted. *Morales,* 504 U.S. at 390, 112 S.Ct. 2031; *see also Lewis v. Continental Airlines, Inc.,* 40 F.Supp.2d 406, 410 (S.D.Tex.1999) (Crone, Mag. J.) (explaining that courts are in disagreement about how to apply the preemption clause to state law claims). Determining whether a claim is preempted by the ADA must be done on a case-by-case analysis. *Rombom v. United Air Lines, Inc.,* 867 F.Supp. 214, 221 (S.D.N.Y.1994) (Sotomayor, J.). To determine whether a claim is preempted under the ADA, courts must decide if the claim has "a connection with or reference to an airline's rates, routes, or services." *Adamore v. Sw. Airlines Corp.,* Civil Action No. H–11–0564, 2011 WL 6301398, at *4 (S.D.Tex. Dec. 15, 2011) (Werlein, J.) (citing *Morales,* 504 U.S. at 383–84, 112 S.Ct. 2031).

### b. Whether North Cypress's Tort Claims Are Preempted

 Generally, all state tort actions against an air carrier for lost or damaged goods are preempted by the ADA. *See, e.g., Casas v. Am. Airlines, Inc.,* 304 F.3d 517, 525 (5th Cir.2002) (acknowledging that state tort claims for lost goods are preempted under Fifth Circuit precedent); *Gemnet Exp. Inc. v. Fed. Express Corp.,* No. 06 Civ. 2648(DF), 2009 WL 928299, at *4 (S.D.N.Y. Mar. 30, 2009) ("[S]tate court claims, including those sounding in negligence or fraud, are preempted by federal law, when such claims are based on lost or damaged cargo."). Therefore, to the extent that North Cypress is suing Federal Express for the value of the loss of the documentation, those claims are preempted.

North Cypress, however, raises a different argument: North Cypress claims that they are not suing for the value of the damaged goods—the lost documents themselves—as the value of the paper is *de minimus.*[12] Rather, North Cypress seeks the damages that it incurred because confidential patient information was disseminated: the costs of complying with laws and regulations governing HIPAA information. North Cypress contends that their claims result from the Federal Express Driver's negligent dropping of the box, his failure to attempt to pick up any of the scattered documents, and the subsequent decision of Federal Express to conceal the damage to the boxes and its denial that anything untoward happened to the boxes. North Cypress argues that this behavior was outrageous and unreasonable, thereby excluding it from the preemptive scope of the ADA.[13]

---

**12.** *Plaintiffs' Response in Opposition to Defendant's Motion for Partial Summary Judgment* at 3.

**13.** *Plaintiffs' Response in Opposition to Defendant's Motion for Partial Summary Judgment* at 2 ("[Federal Express] knowingly engaged in conduct that did not arise from the con-

tractual arrangement between the parties."); *Plaintiffs' Sur-reply in Opposition to Defendant's Motion for Partial Summary Judgment* at 1 ("The moment [Federal Express] knowingly engaged in a cover-up, it operated outside the scope of the agreed-to contract and waived any right to rely on the ADA's safe harbors and federal preemption.").

In an opinion authored by now-Supreme Court Justice Sotomayor, the district court in *Rombom v. United Air Lines, Inc.* articulated a three-part test to determine whether claims were preempted by the ADA. *Rombom,* 867 F.Supp. at 221–22. In *Rombom,* the plaintiff brought state tort claims against an airline based on the conduct of a flight crew. The plaintiff, Ms. Rombom, alleged that she had an altercation with a flight attendant after the flight attendant stopped giving flight safety instructions to ask Rombom and several of her acquaintances to be quiet. *Id.* at 216. After the altercation escalated, Rombom and her acquaintances were asked to exit the plane and were subsequently arrested. *Id.* at 217. When deciding whether the claims were preempted, the court in *Rombom* divided the tort claims into three chronologically distinct actions: (1) the rude and unprofessional conduct of the flight crew; (2) the pilot's decision to return to the gate to remove Rombom and her acquaintances from the plane; and (3) the flight crew's decision to have Rombom arrested. After analyzing each of the three actions, the court found that only the last set of actions survived preemption. In the opinion, the court explained that the flight crew's actions on the plane and the pilot's decision to return to the gate to have Rombom removed from the plane were preempted because they were directly related to the airline service provided and the manner in which such service was provided. Nonetheless, the court held that a spiteful decision to have Rombom arrested following her removal from the plane could only tenuously be related to services of the airline. *Id.* at 224.

 Similarly, this Court finds that North Cypress's claims are based on the following alleged actions of Federal Express: (1) the delivery truck driver's dropping of the box; (2) his failure to collect the documents that had scattered when the box opened; and (3) Federal Express's deliberate decision to conceal the damage to the box and the denial that anything untoward occurred. While North Cypress's pleadings and filings do not distinguish between these actions for purposes of their legal argument, this Court discerns a measurable distinction between the first two mentioned actions and the third. Notably, the truck driver's negligence in dropping the box and not collecting all of the scattered documents occurred during the transportation and delivery of North Cypress's packages, as part of the service. The Court finds that these acts were part of the service provided by Federal Express, that the claims directly relate to those acts, and that, although possibly negligent, nothing about those acts were outrageous—unfortunately, it is not uncommon for packages to be lost or damaged in transit.[14] According to North Cypress, however, Federal Express then attempted to conceal and deny the damage, which were actions ancillary to the transportation and delivery of the packages. Like the flight crew's decision to have Ms. Rombom arrested, the decision by Federal Express to conceal and dishonestly deny that anything untoward occurred to the packages—if true—supports claims that are tenuous to the delivery service. Further, "in cases such as the one at bar where the essence of the claim is that the air carrier abused its authority to provide a given service, the air carrier is not entitled to the protection of [the ADA]." *Rombom,* 867 F.Supp. at 224. The Court, therefore, determines that Federal Express's motion

---

**14.** *See, e.g., Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922, 923 (5th Cir.1997) (lawsuit for lost packages containing jewelry); *Gemnet Express, Inc. v. Fed. Express Corp.,* No. 06 Civ. 2648(DF), 2009 WL 928299, at *1 (S.D.N.Y. Mar. 30, 2009) (lawsuit for lost jewelry).

for partial summary judgment should be granted in part and denied in part. All tort claims and damages related to the driver's dropping of the box and the scattering of the documents are preempted and must be dismissed. Any tort claims or damages resulting from Federal Express's concealment of the damage to the boxes and any damages created by delay of the concealment are not preempted.[15]

### 2. Breach of Contract Claim

Federal Express concedes that the breach of contract claim is not preempted by the ADA. *See Am. Airlines v. Wolens*, 513 U.S. 219, 228–33, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) (holding that breach of contract claims survive ADA preemption). Rather, Federal Express argues that because North Cypress did not declare a value, its liability is limited to $100.00 under the terms of the airbill.

■■■■■ The Fifth Circuit has held that "in transactions involving air carriers, the airbill serves as a contract for carriage." *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 930 (5th Cir.1997). Further, "[c]arriers are allowed to limit their liability in the contract of carriage." *Id.* Customers need not have actual knowledge of a limitation of liability in the airbill; "instead, acceptance and use of the [airbill] suffices to establish an agreement prima facie valid which limits the carrier's liability." *Id.* (quoting *Deiro v. Am. Airlines*, 816 F.2d 1360, 1365 (9th Cir.1987)) (internal quotation marks omitted). As long as the airbill plainly and conspicuously gives reasonable notice of the limitation of liability, a customer's failure to read the airbill does not preclude the applicability of the limitation. *Id.* To determine whether a limitation of liability is plain and conspicuous, a court must consider (1) whether the physical characteristics of the airbill provide reasonable notice and (2) under what conditions the shipment was made. *Id.*

■■■ The airbill at issue in this case is the standard Federal Express U.S. Airbill.[16] The front of the airbill contains the shipping form to be completed by the shipper, while the back of the airbill contains the "Terms and Conditions" of the shipment. Both on the front and within the "Terms and Conditions," the airbill states that liability is limited to $100.00 unless an amount is declared.[17] Moreover, the airbill states that Federal Express is not liable for any damages "whether direct, incidental, special, or consequential in ex-

---

**15.** Although, the Fifth Circuit has not directly considered a case addressing the fact pattern now before this Court, the Fifth Circuit has acknowledged that some claims are too tenuously related to be preempted by the ADA. Specifically, in the context of airline travel, the Fifth Circuit has acknowledged that personal injury tort claims are tenuously related to services, and therefore, survive preemption. *See Smith v. Am. W. Airlines, Inc.*, 44 F.3d 344, 345–47 (5th Cir.1995) (differentiating between the "economic aspects" and the "safety aspects" of an air carrier service); *Hodges*, 44 F.3d at 340 (allowing a tort action for personal injury to proceed). Moreover, in *Rombom*, the court relied extensively on Fifth Circuit precedent in defining the boundaries of preemption under the ADA. *Rombom*, 867 F.Supp. at 219–20.

**16.** *Memorandum Brief in Support of Motion for Summary Judgment on Behalf of Fedex Corporation and for Partial Summary Judgment on Behalf of Federal Express Corporation*, Exhibit 2 at 6–10 (*Federal Express U.S. Airbill*).

**17.** The front of the airbill states, "Our liability is limited to $100 unless you declare a higher value." *Memorandum Brief in Support of Motion for Summary Judgment on Behalf of Fedex Corporation and for Partial Summary Judgment on Behalf of Federal Express Corporation*, Exhibit 2 at 6 (*Federal Express U.S. Airbill*). Further, the "Terms and Conditions" contained a section entitled "Limitations On Our Liability And Liabilities Not Assumed." *Id.* at 7 (*Federal Express U.S. Airbill*).

cess of the declared value of a shipment." [18] In regards to the conditions under which the shipment was made, there is no contention that the conditions of the shipment rendered the airbill ambiguous. Accordingly, the Court finds that the airbill's limitation of liability was "plain and conspicuous," and that reasonable notice of the limitation was given. North Cypress did not declare a value of its shipment. North Cypress's breach of contract claim, therefore, is limited to the contractually determined amount of $100.00.

### 3. Punitive Damages

Plaintiff also seeks punitive damages. Federal Express argues that the ADA preempts any claims for punitive damages because such claims would be an enlargement of the breach of contract claim, which is prohibited. *See Wolens,* 513 U.S. at 232–33, 115 S.Ct. 817 (explaining that contract claims cannot be enlarged or enhanced based on state laws or policies external to the contract). Federal Express's argument, however, is premised on total preemption of state law claims and the retention of only the breach of contract claim. North Cypress contends that if any state tort claims persist, punitive damages related to those tort claims would not be preempted.

Punitive damages cannot be sustained for the breach of contract claim. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1432 n. 8 (7th Cir.1996) (recognizing that punitive damages sought for a breach of contract claim are preempted). But here, for the reasons set forth above, some state law tort claims survive preemption and could, therefore, be the basis for punitive damages. Federal Express has failed to show that punitive damages premised on the surviving state tort claims should be preempted. Therefore, the Court finds that punitive damages, as they relate directly to the concealment and denial of the damage to the boxes, are not preempted. However, any claim for punitive damages related to the breach of contract claim or any of the preempted state law claims cannot survive. Accordingly, Federal Express's summary judgment on punitive damages is granted in part and denied in part. All claims for punitive damages for state tort law claims related to the actual dropping and scattering of the documents are dismissed. All claims for punitive damages related to the breach of contract claim are dismissed. Punitive damages may be viable for the remaining state tort law claims premised solely on Federal Express's later concealment of the damage.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Motion for Summary Judgment on Behalf of Fedex Corporation and for Partial Summary Judgment on Behalf of Federal Express Corporation is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

**ORDERS** that all other relief not granted specifically herein is **DENIED.**

---

**18.** *Memorandum Brief in Support of Motion for Summary Judgment on Behalf of Fedex Corporation and for Partial Summary Judgment on Behalf of Federal Express Corporation,* Exhibit 2 at 7 (*FedEx U.S. Airbill,* "Terms and Conditions").