**WISE RECYCLING, LLC, Plaintiff,**

v.

**M2 LOGISTICS and MPG Madean Trucking, LLC, Defendants.**

No. 3:12–CV–4781–P.

United States District Court,
N.D. Texas,
Dallas Division.

April 26, 2013.

Horace Newton Cunningham, III, Robert H. Bezucha, Roberts Cunningham & Stripling LLP, Dallas, TX, for Plaintiff.

Jeanette Drescher Green, Vic H. Henry, Henry Oddo Austin & Fletcher PC, Dallas, TX, for Defendants.

## ORDER

JORGE A. SOLIS, District Judge.

Now before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), filed on February 14, 2013. (Doc. 7.) Plaintiff filed a Response on March 7, 2013. (Doc. 8.) Defendant filed a Reply on March 21, 2013. (Doc. 11.) After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

### I. Background

Plaintiff Wise Recycling, LLC ("Wise") enlisted the services of Defendant M2 Logistics, Inc. ("M2") in connection with shipment of 36,471 pounds of bare bright copper. (Doc. 1–3 at 2–3.) The copper was to be transported from Wise's plant in Aurora, Colorado to a consignee located in McKinney, Texas. (*Id.*) In connection with this shipment, M2 subcontracted the load to Defendant MPG Madean Trucking, LLC to transport the copper. (*Id.* at 3.)

While the copper shipment was en route to McKinney, the truck, trailer, and cargo fell victim to theft. (*Id.*) The load has not been recovered, and Wise claims that it sustained significant loss as a result. (*Id.* at 4.) Seeking relief, Wise filed suit in Texas state court by submitting an Original Petition on October 18, 2012. (*Id.* at 1.) The Original Petition brought a Carmack Amendment claim against M2 and also brought causes of action for negligence and breach of contract. (*Id.* at 4–5.) M2 removed the case on November 21, 2012. (Doc. 1.) Seeking dismissal of each claim raised by Wise, M2 filed the instant Motion, arguing that Wise failed to state a claim upon which relief can be granted.

### II. Legal Standard & Analysis

#### A. 12(b)(6) Standard

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short,

plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). Federal Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955)). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* at 679, 129 S.Ct. 1937 A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.; see also Jacquez v. Procunier,* 801 F.2d 789, 791–92 (5th Cir.1986).

The Court's focus in a 12(b)(6) determination is not whether the plaintiff should prevail on the merits but rather whether the plaintiff has failed to state a claim. *Twombly,* 550 U.S. at 563 n. 8, 127 S.Ct. 1955 (holding "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his

claim to the satisfaction of the factfinder."); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (overruled on other grounds) (finding the standard for a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

## B. Analysis

### 1. Wise Has Stated a Pure Carmack Amendment Claim

 M2's Motion contains little discussion as to the factual sufficiency of Wise's Carmack Amendment claim. The conclusion portion of the Motion argues only "[t]o the extent that this Court determines M2 acted as a motor carrier ... this Court should dismiss Plaintiff's Carmack Amendment claims against M2 as a motor carrier."[1] (Doc. 7 at 28.) The Carmack Amendment was enacted in 1906 as part of the former Interstate Commerce Act. The Amendment, now codified at 49 U.S.C. § 14706, created a national scheme to compensate shippers for goods damaged or lost during interstate shipping. *See N.Y, New Haven & Hartford R.R. v. Nothnagle,* 346 U.S. 128, 131, 73 S.Ct. 986, 97 L.Ed. 1500 (1953) ("With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss") (citations omitted).

Ample case law suggests that a Carmack Amendment claim may not be brought against a broker. *See Chatelaine, Inc. v. Twin Modal, Inc.,* 737 F.Supp.2d 638, 641 (N.D.Tex.2010) (declining to apply Carmack Amendment claim to defendant who acted as a broker, not a carrier); *see also Huntington Operating Corp. v. Sy-*

---

1. M2 also claims that Wise has failed to allege that it tendered its own cargo. (Doc. 11 at 9.) Drawing all reasonable inferences in favor of

Wise, the Court finds this contention unavailing as discussed in subsequent paragraphs.

*bonney Exp., Inc.,* No. H–08–781, 2009 WL 2423860, at *3 n. 1 (S.D.Tex. Aug. 3, 2009) (holding Carmack Amendment does not extend to transportation brokers & collecting cases). For purposes of a Carmack Amendment claim, a broker is defined as:

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation. 49 U.S.C. § 13102(2).

■ A shipper establishes a prima facie case of negligence under the Carmack Amendment by demonstrating (1) delivery of the goods to the carrier in good condition, (2) receipt by the consignee of damaged or lost goods, and (3) the amount of damages. *See Man Roland, Inc. v. Kreitz Motor Express, Inc.,* 438 F.3d 476, 479 (5th Cir.2006).

In the Original Petition, Wise has alleged that M2 owed obligations as an "inland [carrier]." (Doc. 1–3 at 4.) More directly, Wise claimed that M2 is a "receiving and delivering [carrier] within the meaning of the Carmack Amendment...." (*Id.*) Taking this allegation as true, Wise has adequately demonstrated that M2 is a carrier for purposes of maintaining a Carmack Amendment claim. Furthermore, Wise alleged that M2 and another defendant took possession of the copper, that it was subsequently stolen, and that Wise sustained losses. (*Id.* at 3–4.) Such allegations are sufficient to withstand a motion to dismiss, and the Court denies M2's Motion as to Wise's Carmack Amendment claim.

### 2. Negligence and Contract Claims Are Preempted Under Carmack Amendment

■ The Original Petition also raises a number of negligence claims against M2. (Doc. 1–3 at 4.) Wise further claims that M2 breached a contract. (*Id.* at 5.) When brought in connection with a Carmack Amendment claim against M2 as a carrier, both of these claims should be dismissed because they are preempted.

■ As noted above, the Court accepts as true Wise's allegations in the Original Petition that M2 is a carrier as defined in the Carmack Amendment. *See In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007). Congress intended the Carmack Amendment "to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Gulf Rice Ark., LLC v. Union Pac. R.R. Co.,* 376 F.Supp.2d 715, 719 (S.D.Tex.2005), (citing *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 776–78 (5th Cir. 2003)). Under Carmack Amendment jurisprudence, the complete preemption doctrine applies to cases for common carrier liability, and common law and state-law claims such as negligence and breach of contract are preempted. *Id.* (citing *Hoskins,* 343 F.3d at 772–78 n. 1); *see, e.g., Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R. Co.,* 721 F.2d 483, 484–85 (5th Cir. 1983) ("the Carmack Amendment, as judicially interpreted, provides an exclusive remedy for a breach of contract of carriage provided by a bill of lading ...").

In light of the clear case law and precedent concerning preemption of state and common law claims under the Carmack Amendment, Wise's negligence and breach of contract claims should be dismissed because they are preempted by the Carmack Amendment. Furthermore, as discussed below, Wise may not bring a negligence

claim under the FAAAA. This means that Wise's negligence claims—under either theory presented in the Original Petition—are dismissed.

### 3. Negligence Claims Preempted Under FAAAA, Contract Claims Are Not

█ In the alternative, Wise claims that it also pleaded "that in the event M2 acted as a broker, it was negligent." (Doc. 8 at 15.) Wise's Original Petition also notes that "[i]n the event the factfinder finds that M2 ... was a broker as opposed to a carrier ... M2 breached its contract with Plaintiff." (*Id.* at 5.) M2 claims that these alternate claims are also preempted under federal law. (Doc. 7 at 11, 13.) For this alternative pleading setting, the Court accepts as true Wise's allegation that M2 is a broker.

First, M2 claims that the Carmack Amendment applies to carriers and brokers alike and therefore Wise's claims are preempted. (*Id.* at 18–26.) However, upon considering M2's briefing, other District Court cases from Texas, the statutes, and other relevant case law, the Court is unwilling to find that the Carmack Amendment applies to brokers. As noted above, precedent suggests that a Carmack Amendment claim does not lie against a broker. *See Chatelaine,* 737 F.Supp.2d at 641 (declining to apply Carmack Amendment claim to Defendant who acted as a broker, not a carrier); *see also Huntington,* 2009 WL 2423860, at *3 n. 1 (holding Carmack Amendment does not extend to transportation brokers & collecting cases).

Second, M2 claims that even if the Carmack Amendment does not preempt state and common law claims against a broker, the Federal Aviation Administration Authorization Act ("FAAAA") preempts claims against carriers and brokers alike, including Wise's negligence and contract claims.[2] (Doc. 7 at 11.)

Under 49 U.S.C. § 14501, state law claims relating to interstate transportation of goods are preempted. *Chatelaine,* 737 F.Supp.2d at 643 ("the court determines that 49 U.S.C. § 14501 broadly preempts state law claims regulating interstate transportation of goods, and Chatelaine's state law claims other than breach of contract ... are preempted under the Interstate Commerce Act"); *Huntington,* 2010 WL 1930087, at *3 ("In short, 49 U.S.C. § 14501 broadly preempts state law claims that would regulate interstate transportation of goods" but allowing breach of contract claims to remain).

As the Supreme Court has found, courts interpret the preemptive scope of 49 U.S.C. § 14501(c) in accordance with case law addressing the Airline Deregulation Act of 1978. *Rowe v. N.H. Motor Transp. Ass'n,* 552 U.S. 364, 370, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008) ("the Congress that wrote [49 U.S.C. § 14501(c)(1) ] copied the language of the air-carrier pre-emption provision of the Airline Deregulation Act of 1978"); *Chatelaine,* 737 F.Supp.2d at 642; *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,* 547 U.S. 71, 85, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006) ("when judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a

---

**2.** The operative provision of the FAAAA that is relevant to the parties' preemption arguments is found at 49 U.S.C. § 14501(c), which dictates that, unless an exception applies: "a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ... or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). Neither party has argued that any statutory exceptions found in § 14501(c)(2) apply.

new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well"). The Supreme Court has held that the Airline Deregulation Act preempts state law causes of action aside from routine breach of contract claims. *See Am. Airlines, Inc. v. Wolens,* 513 U.S. 219, 228–29, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). The Fifth Circuit has held that ordinary contract actions are not preempted under Airline Deregulation Act jurisprudence. *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.,* 283 F.3d 282, 287 (5th Cir.2002) ("The ADA does not preempt state-law-based court adjudication of routine breach-of-contract claims so long as there is no enlargement or enhancement [of the contract] based on state laws or policies external to the agreement") (citations and quotations omitted). District courts in Texas have also held that ordinary contract actions are not preempted under the Airline Deregulation Act. *N. Cypress Med. Ctr. Operating Co. Ltd. v. Fedex Corp.,* 892 F.Supp.2d 861, 869 (S.D.Tex.2012) ("[defendant] concedes that the breach of contract claim is not preempted by the [Airline Deregulation Act]"); *In re Am. Airlines, Inc., Privacy Litigation,* 370 F.Supp.2d 552, 567 n. 25 (N.D.Tex.2005) ("The court considers this contention only in regard to the breach of contract claim against American because it is the only claim that is not preempted").

Applying Airline Deregulation Act jurisprudence to the FAAAA, the court in *Cha-*

telaine and *Huntington* permitted contract claims to remain against a transportation broker where other claims such as negligence had been dismissed in either the motion to dismiss setting or the summary judgment setting. *Chatelaine,* 737 F.Supp.2d at 643 (in motion to dismiss stage "state law claims other than breach of contract against [a broker] are preempted"); *Huntington,* 2010 WL 1930087, at *3 (in summary judgment stage, finding preemption applies but leaving breach of contract claim for trial). The court in *Chatelaine* expressly noted the Supreme Court's finding that "market efficiency requires effective means to enforce private agreements" and went on to instruct that "[t]he stability and efficiency of the market depend fundamentally on the enforceability of agreements freely made, based on needs perceived by the contracting parties at the time." *Chatelaine,* 737 F.Supp.2d at 643 (quoting *Wolens,* 513 U.S. at 230, 115 S.Ct. 817).

The Court finds that Airline Deregulation Act jurisprudence, combined with the persuasive authority of *Huntington* and *Chatelaine,* properly suggest that 49 U.S.C. § 14501 preempts all state law claims except for ordinary breach of contract claims. Accordingly, Wise's negligence claims should be dismissed, but the breach of contract claim should not be dismissed.[3]

■ Finally, M2 argues that Wise is not entitled to seek attorney fees. (Doc. 7 at 26.) M2's argument is premised upon an

---

**3.** Wise claims that its negligence claims are governed by federal common law and are not barred by the FAAAA because the statutory definition transportation services does not include brokers or shippers seeking to enforce their rights in negligence. (Doc. 8 at 19.) A plain reading of the applicable statutory definition yields that brokers are included in the FAAAA's preemptive framework. *See* 49 U.S.C. § 13501 (federal jurisdiction over transportation by a motor carrier and the procurement of that transportation); *see also* 49 U.S.C. § 13102(23) (defining transportation to include services related to "arranging for" movement of passengers and property).

understanding that federal law has entirely preempted all of Wise's state law claims, including claims for breach of contract.[4] (*Id.* at 26–27.) In the Original Petition, Wise has requested attorney fees pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code. (Doc. 1–3 at 6.) Section 38.001(8) provides that a party "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." Tex. Civ. Prac. & Rem.Code § 38.001(8). To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages. *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 437 (Tex. 1995).

As noted above, if Wise maintains its Carmack Amendment claim against M2 as a carrier, then each of the remaining state law claims, including the breach of contract claim are preempted. This means that attorney fees will be unavailable in connection with a Carmack Amendment claim. However, if Wise pursues its contract action against M2 as a broker, then the breach of contract claim is not preempted under either the Carmack Amendment or the FAAAA, and Wise may be entitled to attorney fees if it were to prevail on that claim. The Court therefore declines to address to the availability of attorney fees in this case until there has been a dispositive resolution as to M2's status as either a carrier or a broker.

---

**4.** M2 relies on *Accura Systems Inc. v. Watkins Motor Lines, Inc.,* 98 F.3d 874 (5th Cir.1996) as its primary support against an award of attorney fees. (Doc. 7 at 26–27.) The Court in *Accura* analyzed an attorney fee award under a Carmack Amendment preemption, not under FAAAA preemption which, as dis-

## III. Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss.[5]

**IT IS SO ORDERED.**

cussed above, does not preempt ordinary contract actions against brokers.

**5.** As noted above, Wise's negligence claims should be dismissed regardless of which theory sought in the Original Petition.