**Monique PRINGLE, Plaintiff,**

v.

**ATLAS VAN LINES and Cartus, Inc., Defendants.**

**Civil Action No. 4:13–cv–571–O.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Signed April 16, 2014.

Dwain Downing, Law Office of Dwain Downing, Arlington, TX, for Plaintiff.

Vic H. Henry, Jeanette Drescher Green, Henry Oddo Austin & Fletcher, Dallas, TX, Jo–Christy Texas Brown, Law Office of JC Brown PC, Austin, TX, for Defendants.

## ORDER

REED O'CONNOR, District Judge.

Before the Court are Defendant Atlas Van Lines, Inc.'s Motion for Summary Judgment and Brief and Memorandum in Support (ECF Nos. 27–28); Appendix to Defendant Atlas Van Lines, Inc.'s Motion for Summary Judgment (ECF No. 30); and Plaintiff Monique Pringle's Response to Atlas Van Lines, Inc.'s Motion for Summary Judgment and Appendix in Support (ECF Nos. 36–37). Having reviewed the briefing and the applicable law, the Court finds that Atlas's Motion for Summary Judgment (ECF No. 27) should be and is hereby **GRANTED.**

## I. FACTUAL BACKGROUND

Plaintiff Monique Pringle ("Plaintiff") asserts claims against Defendants Atlas Van Lines, Inc. ("Atlas") and Cartus, Inc. ("Cartus") arising from Defendants' role in moving Plaintiff's household items from Maryland to Texas after her employer transferred her to Texas.[1] Her employer contracted with Cartus to arrange Plaintiff's move. Atlas's App. Supp. Mot. Summ. J. Ex. C (Aff. Brenda McCandless), App. at 7–8, ECF No. 30; Pl.'s 2d Am. Compl. ¶ 8, ECF No. 12. Cartus in turn retained Atlas to transport Plaintiff's household items to Texas. Aff. Brenda McCandless, App. at 7–8, ECF No. 30;

---

1. Other than whether Plaintiff agreed to fully and finally settle her claim with UNIRISC for $7,935, the facts in this section are undisputed.

Pl.'s 2d Am. Compl. ¶ 5, ECF No. 12. When the household items were delivered in Texas, Plaintiff alleges some items were damaged and others were missing. Pl.'s App. Supp. Resp. Ex. B (Aff. Monique Pringle), App. at 6, ECF No. 37. Plaintiff made a written claim with Cartus for damages based on the loss and Cartus arranged for UNIRISC, its insurance branch, to process the claim. Aff. Brenda McCandless, App. at 8–9, ECF No. 30; Pl.'s 2d Am. Compl. ¶ 12, ECF No. 12. Atlas contends UNIRISC paid Plaintiff $7,935 to settle her claims and obtained an assignment of those claims. Atlas's Br. Supp. Mot. Summ. J. 5–6, ECF No. 28. Plaintiff asserts that she did not finally settle her claims for this amount. *See* Pl.'s 2d Am. Compl. ¶ 12, ECF No. 12. Cartus then sought reimbursement from Atlas for the amount UNIRISC paid Plaintiff and Atlas paid to resolve the subrogated claim. Atlas's Br. Supp. Mot. Summ. J. 4, ECF No. 28.

■ Plaintiff brings this lawsuit to recover what she asserts is the total loss not covered by the UNIRISC payments. *See* Pl.'s 2d Am. Compl. ¶¶ 12, 17, ECF No. 12. Plaintiff originally asserted various state law claims in Texas state court. Atlas, however, removed this lawsuit to this Court and Plaintiff filed an amended complaint asserting a claim for recovery based on the damage to and loss of her household goods under the Carmack Amendment to the Interstate Commerce Act. *See* Pl.'s 2d Am. Compl. ¶¶ 4, 13, 15, ECF No. 12 (citing 49 U.S.C. § 14706); *see also Wise Recycling, LLC v. M2 Logistics*, 943 F.Supp.2d 700, 703 (N.D.Tex.2013) (Solis, J.) ("Under Carmack Amendment jurisprudence, the complete preemption doctrine applies to cases for common carrier liability, and common law and state-law claims such as negligence and breach of contract are preempted.") (citations omitted); *Hansen v. Wheaton Van Lines, Inc.*, 486 F.Supp.2d 1339, 1343–44 (S.D.Fla. 2006) ("The law is well established that the remedies available under the Carmack Amendment preempt all state, common and statutory law regarding the liability of an interstate common carrier for claims arising out of shipments within the purview of said statute.") (citations omitted). To recover under the Carmack Amendment, Plaintiff must show she delivered her household goods to an interstate common carrier in good condition, the goods arrived in damaged condition, and resulted in specified damages. *See Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 479 (5th Cir.2006); *Fine Foliage of Fla. v. Bowman Transp., Inc.*, 901 F.2d 1034, 1037 (11th Cir.1990); *Wise Recycling*, 943 F.Supp.2d at 703. Atlas contends it is entitled to judgement as a matter of law because Plaintiff lacks standing to pursue her claims and is estopped from pursuing this lawsuit.

## II. LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See*

Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250, 106 S.Ct. 2505.

## III. ANALYSIS

█ The parties agree that after her household items arrived in Texas, Plaintiff submitted a claim to Cartus regarding her lost and damaged items. *See* Atlas's Br. Supp. Mot. Summ. J. 3–4, ECF No. 28; Pl.'s 2d Am. Compl. ¶ 12, ECF No. 12. Cartus assigned UNIRISC to investigate Plaintiff's claim, and UNIRISC and Plaintiff reached a settlement.[2] *See* Atlas's Br. Supp. Mot. Summ. J. 4, ECF No. 28; Pl.'s Am. Compl. ¶ 12, ECF No. 12. As part of that settlement, Plaintiff executed a Statement of Claim form which included the following language: "I hereby assign and transfer to UNIRISC any and all claims and recoveries arising out of the shipment of my household goods." Atlas's App. Supp. Mot. Summ. J. Ex. B (Statement of Claim), App. at 5–6, ECF No. 30; Pl.'s App. Supp. Resp. Ex. A (Statement of

Claim), App. at 9–10, ECF No. 37. As a result of the assignment, Atlas contends Plaintiff lacks standing to pursue her claims against Atlas. *See* Atlas's Br. Supp. Mot. Summ. J. 6–8, ECF No. 28.

"Every party that comes before a federal court must establish that it has standing to pursue its claims." *Cibolo Waste, Inc. v. City of San Antonio,* 718 F.3d 469, 473 (5th Cir.2013); *see also Barrett Computer Services, Inc. v. PDA, Inc.,* 884 F.2d 214, 218 (5th Cir.1989). "The doctrine of standing asks 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Cibolo Waste,* 718 F.3d at 473 (quoting *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004)). Standing has both constitutional and prudential components. *See Procter & Gamble Co. v. Amway Corp.,* 242 F.3d 539, 560 (5th Cir.2001); *see also Cibolo Waste,* 718 F.3d at 473 (quoting *Elk Grove,* 542 U.S. at 11, 124 S.Ct. 2301) (stating standing "'contain[s] two strands: Article III standing ... and prudential standing'"). Constitutional standing requires a plaintiff to establish that she has suffered an injury in fact traceable to the defendant's actions that will be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Prudential standing, however, exists "in addition to 'the immutable requirements of Article III,' ... as an integral part of 'judicial self-government.'" *Procter & Gamble,* 242 F.3d at 560 (citations omitted); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.,* ─── U.S. ───, 134 S.Ct. 1377, 1386, 188 L.Ed.2d 392 (2014) (noting

---

**2.** Plaintiff alleges in her Second Amended Complaint that she received almost $8,000 of the approximately $22,000 owed to her by Cartus from this loss, but her response provides no factual bases to support this asser-

tion. She provides no argument or evidence to contradict the evidence Atlas presents in support of its motion which demonstrates Plaintiff settled and assigned her claims to UNIRISC.

prudential standing "not derived from Article III and not exhaustively defined") (citations omitted) (internal quotation marks omitted). "The goal of this self-governance is to determine whether the plaintiff 'is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial power.' " *Procter & Gamble,* 242 F.3d at 560 (quoting *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 546 n. 8, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)). The Supreme Court has observed that prudential standing encompasses "at least three broad principles," including "the general prohibition on a litigant's raising another person's legal rights...." *Lexmark Int'l,* 134 S.Ct. at 1386; *Cibolo Waste, Inc.,* 718 F.3d at 474 (quoting *Elk Grove,* 542 U.S. at 12, 124 S.Ct. 2301); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.,* 554 U.S. 269, 290, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008) (discussing cases where third parties sought "to assert not their own legal rights, but the legal rights of others"); *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens,* 529 U.S. 765, 773, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) (noting "the assignee of a claim has standing to assert the injury in fact suffered by the assignor").

 Atlas bases its standing argument on Plaintiff's assignment and transfer of her claims arising out of the shipment of her goods to UNIRISC. *See* Atlas's Br. Supp. Mot. Summ. J. 6–7, ECF No. 28. To determine the effect of an assignment on standing, the Court looks to state law. *See Barrett Computer Services, Inc.,* 884 F.2d at 217 & n. 3 (relying on Texas contract law to determine whether party had standing to sue on a contract). Texas law provides that when a cause of action is assigned, the assignor is precluded from bringing suit. *See, e.g., Nelson v. Vernco Construction, Inc.,* 406 S.W.3d 374, 378 (Tex.App.-El Paso 2013, no pet. h.) (citations omitted).

The evidence establishes that Plaintiff assigned the claims arising out of the shipment of her household goods to UNIRISC. In the face of this evidence, Plaintiff fails to offer any argument or rebuttal evidence as to why her assignment to UNIRISC of "any and all claims and recoveries arising out of the shipment" of her household goods does not deprive her of standing to pursue these claims. Instead, she simply alleges she has set out a *prima facie* case under the Carmack Amendment such that dismissal is inappropriate. *See* Pl.'s Resp. 2, ECF No. 36. This conclusory statement fails to address the standing issue raised by Atlas and provides no factual basis to question the validity or the effect of the assignment. *See Nelson,* 406 S.W.3d at 378 ("When an assignor of a cause of action has not retained some right or interest in the cause of action, the assignor is barred from bringing suit."); *see also Hansen,* 486 F.Supp.2d at 1346 ("Plaintiff has no standing to pursue the instant action. Once the assignor assigns its rights to pursue a claim against a third party to another, the assignor retains no right to sue the third party. An assignment transfers all rights in the thing assigned.") (citations omitted). Accordingly, the Court finds that Plaintiff lacks standing to pursue her claims against Atlas.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Atlas's Motion for Summary Judgment (ECF No. 27) should be and is hereby **GRANTED.** It is **ORDERED** that Plaintiff's claim against Atlas is **DISMISSED with prejudice.**[3]

---

3. Dismissal for lack of prudential standing is made with prejudice. *See Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 795 n. 2 (5th Cir.2011).